## BARTON v. SMITH.

Where a petition in an action on a promissory note, only claims the amount of the note, with interest and costs, the plaintiff can only recover interest from the time of the commencement of the suit.

Where in an action on a promissory note, it was assigned for error, that the note was improperly received in evidence; and where it appeared from the record that a note was offered in evidence, to which the defendant objected, because of a variance, but it did not appear whether the objection was sustained or overruled; *Held*, That the question raised by the assignment did not arise upon the record.

Without a recovery against the principal debtor, there can be no judgment against a garnishee: hence, in an action on a promissory note, where the maker sets up as a defence, a prior garnishment as a debtor of the payee of the note, he should show that final judgment was rendered against the payee of the note, in the suit in which he was garnished.

*Appeal from the Keokuk District Court.*

FRIDAY, OCTOBER 22.

Action by the indorsee against the maker of a promissory note. Judgment for plaintiff. For the errors assigned, and the material facts, see the opinion of the court.

*J. M. Casey* and *Geo. D. Woodin*, for the appellant.

*Crocker & Burton*, for the appellee.

WRIGHT, C. J.—It is urged that the judgment is for a larger amount than is claimed in the petition. The petition claims $204,75, (the amount of the note), with interest and costs. Under this, plaintiff could recover interest from the time of the commencement of the suit. *Haven & Buck* v. *Baldwin*, 5 Iowa, 503. And not more. In this case it is not shown when the suit was commenced, and we cannot, therefore, say that the amount is too large. When the original notice was placed in the hands of the officer for service, does not appear. The error is therefore not affirmatively shown.

The next error assigned is, that the note was improperly received in evidence.   It is shown that a note was offered in evidence, and that defendant objected because of a variance; but whether the objection was sustained, or overruled, does not appear.   The question made by the assignment, does not therefore arise upon the record.

Defendant, in his answer, relied upon certain proceedings in attachment against the payee of the note, in which he (defendant) had been summoned as garnishee, and answered.   The bill of exceptions states, that "defendant referred to the transcripts attached to his answer for his evidence—same being exhibits A, B and C, hereto attached— which was all the evidence offered."   From these transcripts, it does not appear that the plaintiffs in the attachment proceedings, ever obtained judgment against the payee of the note, or that they ever attempted to prove any demand against him.   Without a recovery against the debtor, there could be no judgment against the garnishees, and these transcripts were therefore properly disregarded. Code, sec. 1873.

Judgment affirmed.