## Bean v. Barney, Scott & Co.

1. GARNISHMENT. A garnishee may be required to disclose what he knows, both in regard to his own indebtedness and the indebtedness of other persons to the attachment defendant; but the answer binds no one but the party making it.
2. NOTICE IN GARNISHMENT. A firm is not bound by a notice of garnishment served upon one member thereof, when such service is not made upon him for the purpose of notifying the firm.
3. ANSWER. The garnishee's answer, when uncontroverted, must be taken as true.
4. CHATTEL MORTGAGE. A chattel mortgage invests the mortgagee with the right of possession and the legal title to the property mortgaged; and such right and title can be divested only by a performance of the condition of the mortgage. A forfeiture invests the mortgagee with the absolute title.
5. LIABILITY ON AN ANSWER. The liability of a garnishee on his answer discussed.
6. JUDGMENT. The right to recover against a garnishee is dependent upon the right of plaintiff to recover in the main action; and a judgment should not be rendered against the garnishee, before judgment is recovered in that action.

*Appeal from Dubuque City Court.*

THURSDAY, JUNE 28.

THE plaintiff brought suit against one D. C. Bancroft, and also caused an attachment to issue for the purpose of securing his claim. A notice of garnishment was served upon one J. P. Scott, who at the time of such service was a member of the firm of Barney, Scott & Co., the appellants. The notice was directed to and served upon J. P. Scott, not as a member of said firm, but as an individual. The answer is by Scott in his own behalf, not as a member of said firm.

The answer of Scott denies any indebtedness of himself or of the firm of Barney, Scott & Co. to said D. C. Bancroft. In such answer, however; reference is made to a transaction between the said firm and the said Bancroft, which as is claimed by the appellees, disclosed the fact that said firm were indebted to the plaintiff at the time the notice of garnishment was served. Upon the answer of Scott alone, judgment was rendered against Barney, Scott & Co., from which they appeal.

*Bissell, Mills & Shiras* for the appellant, cited 3 G. Greene 586.

*O'Neill & Harvey* for the appellee, to the point that as the garnishees held the mortgaged property as trustees, nothing passed by the sheriff's sale, and that the surplus remaining after the satisfaction of their claim out of the proceeds of the second sale, belonging to the attachment defendant, cited *The Middlesex Bank* v. *Minott's Admr.*, 4 Met. 325; *The Old Dominion Bank* v. *The Dubuque and Pacific Railroad Company*, 8 Iowa 277.

BALDWIN, J.—The first question presented is, whether the court had jurisdiction over the parties against whom such judgment was rendered.

The attachment was against D. C. Bancroft, and the garnishee process was against J. P. Scott. The notice was directed to and served upon him. The firm of Barney, Scott & Co. were not notified that they were a party to the proceeding; nor does it appear by any pleading, or process, or in any other manner, except only as stated by the officer in his heading to the answer of the garnishee, that J. P. Scott was a member of said firm. If the notice of garnishment had been directed to the said firm, and served upon J. P. Scott as one of the members of such firm, and an answer made in their behalf, the court would not have erred in rendering judgment as it did, provided such answer justified such a finding. A garnishee, under the provisions of the Code,

may be required not only to answer with reference to his own liability to the party who is the defendant in the attachment, but he may very properly be required to disclose what he knows in reference to other persons who may have property or credits of such debtor under their control. Such answer, however, does not bind any one but the person making the same. The firm of Barney, Scott & Co. were never notified that they were attached as garnishees, they never answered, nor did they have an opportunity to show cause why judgment should not be rendered against them. In taking jurisdiction over such firm without notice, we think there was error.

The second question presented is, whether (admitting that the answer of J. P. Scott was made in behalf of Barney, Scott & Co., and that such firm should be bound by such answer) there is sufficient to justify the court, upon the answer thus made, in finding that the said firm were in any manner indebted to said Bancroft. The facts, which appear from said answer, are about as follows: Bancroft was indebted to Barney, Scott & Co. in the sum of about $120, to secure which, he gave to said firm a mortgage upon certain personal property, conditioned that if such money was not paid when due, the property mortgaged was to be sold, and the proceeds thereof applied to the payment of said claim. Bancroft having failed to pay when the claim became due, Barney, Scott & Co. caused the sheriff of Dubuque county to expose said property for sale, in pursuance of the conditions of said mortgage ; and they became the purchasers at such sale, bidding for the property mortgaged a sufficient sum to satisfy their claim. The property sold was delivered to them by the sheriff. Barney, Scott & Co. caused the property thus purchased and delivered to them, to be transferred to an auction room and again exposed to sale. The proceeds of this sale amounted to $57 more than those of the sheriff's sale. This sum the said firm donated to the wife of said Bancroft. Whether the second sale took place and the $57 were paid to the wife of Bancroft, before or after the

notice of garnishment was served, does not appear. It is claimed that the sale by the sheriff, to Barney, Scott & Co. was invalid, and passed to them no title whatever to the property sold; and that Bancroft should have the full proceeds of the second sale, which is claimed was sufficient to pay off the amount secured by the mortgage, and also leave a balance of $57 in the mortgagee's hands. The sale is claimed to be invalid, for the reason that the mortgagees were the purchasers.

The answer is uncontroverted and must be taken as true. Scott, in his answer, says that the sale was made in good faith, not for the purpose of screening the property from other creditors, but for the sole purpose of paying the debt due by Bancroft. If the sale was made in good faith, and in conformity with the provisions of the mortgage, it passed the absolute title to the purchasers, although they were the trustees. They were entitled to the possession and control of the property mortgaged without such sale. A chattel mortgage invests the mortgagee with the title to the property, which can only be defeated by a compliance with the conditions of the mortgage; and upon a failure to comply with those conditions, the mortgagee becomes the absolute owner. 3 G. Greene 586.

The sale having been duly made, and the property duly delivered to the purchasers, they had a right to dispose of the same as they pleased; and were not accountable to Bancroft or any one else for any profits thereafter accruing from such purchase.

It is also submitted by the appellants, that the judgment of the District Court is erroneous, for the reason that the record does not disclose the fact that any judgment was rendered against the defendant in the main action. The right of a plaintiff to a judgment against a garnishee, does not exist until there is final judgment against the defendant in the attachment. It does not appear from the record in this case that a judgment was ever obtained by plaintiff against Bancroft. Whilst every presumption is in favor of the reg-

ularity of the proceedings of the District Court, yet we are inclined to the opinion, that as the judgment against the garnishee is incident to the judgment against the debtor, the validity of the one entirely dependent upon the existence of the other, that the record in some manner should show a judgment against the debtor.

Judgment reversed.