## TOLL v. KNIGHT.

1. JUDGMENT AGAINST GARNISHEE. The right to recover against a garnishee is dependent upon the recovery of a judgment against the principal; and a judgment against the garnishee, before judgment against the principal, is erroneous. (*Bean* v. *Barney; Scott Co.*, 10 Iowa, 498; *Barton* v. *Smith*, Id., 85.)

2. EXTENT OF LIABILITY. The liability of a garnishee to the judgment plaintiff is measured by his liability to the judgment defendant.

*Appeal from Clayton District Court.*

TUESDAY, DECEMBER 15.

THE facts are stated in the opinion of the Court.

*Odell & Updegraff* for the appellant, cited Drake Attach., § 617; *Smith, Twogood & Co.* v. *Clarke & Henley*, 9 Iowa, 241; *Wallers* v. *The Washington Insurance Company*, 1 Iowa, 404; *Wilson* v. *Albright*, 2 G. Greene, 125.

No appearance for the appellee.

WRIGHT, J.— Knight was summoned as garnishee in a proceeding by plaintiff against one Bates. From the record, we are not advised whether he was garnished by attachment or on execution. Nor are we informed that any judgment was ever recovered against the principal debtor, Bates. In this condition of the record, upon the authority of *Bean* v. *Barney*, *Scott & Co.*, 10 Iowa, 498, and *Barton* v. *Smith*, 7 Id., 85, we are constrained to hold that the judgment against the garnishee was erroneous. The case first

cited is directly in point. Upon the main question, whether from the answer of the garnishee, he was liable as a debtor of Bates, we incline to the opinion that the court below held correctly. This part of the case involves no question of law ; there was no issue taken upon the answer, and the only matter to be determined is, whether, under the facts disclosed, there was such an indebtedness from the garnishee to the defendant (Bates) as could be reached by creditors. The proposition that the agreement or talk' of Knight, and his supposed partner, Armstrong, would have the effect of applying what Knight might owe, or should afterwards owe Bates, upon a debt owing by Bates to the firm (so styled), cannot be sustained. We do not understand that any such partnership existed. Nor was any claim transferred by Armstrong to Knight, either verbally or in writing. Neither was any application ever made of the debt owing by Bates. Nor, again, was Bates cognizant of any such arrangement. As the matter stood, Bates could have recovered against Knight. And there is nothing in this case to show that his creditors have not an equal right, if they have or shall recover, to the amount of the garnishee's indebtedness against the principal. As this recovery is not shown, however, the judgment, as the record now stands, must be

Reversed.