## LARGE v. MOORE.

1. **Garnishment:** JUDGMENT: ANSWER. A judgment in garnishment against an attorney for moneys collected and held by him for the judgment defendant is not a sufficient defense to an action against the garnishee for such moneys by an assignee of the judgment defendant, if it is shown that at the time the answer in garnishment was filed the garnishee had knowledge of the fact that the claim upon which the money had been collected by him had been assigned to the plaintiff, but that he failed to set up that fact in his answer.

*Appeal from Dubuque District Court.*

THURSDAY, OCTOBER 20.

THE facts are stated in the opinion of the court.

*Barker* for the appellant.

*Beach & Gray* for the appellee.

LOWE, J. — The case is this: A note made by one John D. Graffort, to the order of E. M. Downs, and indorsed in blank by the latter, was placed in the hands of the defendant, Moore, for collection by one E. S. Pork, who took from the said Moore a receipt for the same. A judgment was obtained on this note before a justice of the peace, in the name of Downs, which, on an appeal to the District Court, was affirmed. The money upon this judgment, $94$\frac{75}{100}$, was made by execution, and paid over by the sheriff to the defendant. The plaintiff claims to have been the assignee of said note, and entitled to the money, and after demand and a refusal by Moore to recognize his claim, the plaintiff brings this suit to recover the same; alleging, in addition to the above facts, that defendant knew that he (the plaintiff), was the owner of said claim, and that, by the neglect, want of diligence, and fraud of said defendant, said claim was lost to him. Defendant controverts the above statement in its material parts, deny-

Large v. Moore.

ing that he ever knew or heard that plaintiff was the owner of said claim, and that he collected the same for, and on account of Downs, whom he supposed to be the rightful claimant. He further specially defends, by setting up the fact, that after he had collected said money, as the agent of Downs, one Sawyer sued Downs in attachment, and garnished him, the defendant; that such proceedings were had thereon ; that a judgment was rendered against him as garnishee, for $75.15, and costs of said tax at $5.95, which he has paid out of the proceeds of the claim collected as aforesaid, not knowing at the time that the plaintiff had any interest in, or right thereto. He further set up a claim of $20 for his services as the agent of Downs, in collecting said claim. The plaintiff's reply to this, in substance, is that the garnishment proceedings are no protection in law to the defendant, for the reason that he knew the plaintiff was the real owner of the money in his hands, or, if he did not, he knew that some third person, and not Downs, was the rightful owner, and that he was bound to disclose that fact in his answer to the garnishment, which he did not. The issues of fact thus made by the pleadings were found under the evidence introduced, by the jury in favor of the plaintiff.

Our attention is called to two errors which it is claimed the court committed in the trial of the cause, namely : in 1. GARNISH-MENT: judgment: answer. modifying the defendant's instructions before given to the jury, and in overruling his motion for a new trial. The important question in this controversy, and the one upon which defendant's liability mainly turns, is whether he was informed or had knowledge that the note he was collecting did not belong to Downs, and his negligence in failing to make that fact known in his answer to the garnishment. If he had done so, possessing the information, it is reasonable to infer no judgment would have been rendered against him, and the plaintiff's

rights thereby not affected.    Now, the defendant, in draw-
ing his instructions, otherwise unobjectionable, perhaps,
fails to cover the full breadth of the issue made between
himself and the plaintiff, but falls short thereof, by restrict-
ing the plaintiff's right to recover, unless he can show, or
does show that he, the defendant, knew that the note in
question was the property of him, the said plaintiff.    Now,
the court simply amplified this, so as to make it include
the further idea, that if the defendant knew that Downs (in
whose name the suit had been brought), did not own the
note, and he failed in the garnishee proceeding, to make
that known, his defense would be incomplete.    The modifi-
cation was only intended to make the instruction as broad
as the issue between the parties; and this, without ques-
tion, was proper.

The third, and only other instruction asked by the
defense, was of the following purport: If plaintiff, or his
attorney, had notice of the pendency of the garnishee
proceeding, it was their duty to have intervened and
claimed the money, or notified Moore, the defendant, that
he might have alleged that fact.    Omitting to do either,
they would be guilty of laches.    But the court added that
their laches would not justify defendant in neglecting to
make known all the facts communicated to him, and of
which he had notice in his garnishee answer.    The instruc-
tion, as asked, could properly have been refused altogether,
upon the ground of the entire absence of any testimony
whatever, that the plaintiff, or his counsel, had any notice
of the garnishment.    But we fail to see that the omission
referred to, if true, would justify the defendant in with-
holding or concealing facts within his knowledge, which,
if made known, would in all probability have protected
the rights of an innocent and *bona fide* claimant of the
money.

The motion for a new trial was based, first, upon these

supposed errors in modifying the instructions just alluded to. Second, that there was no evidence that the signature of Downs, who indorsed the note, was genuine. This was not requisite; *prima facie* it was so unless denied under oath. Third, that the verdict was excessive. In overruling the motion the court remitted $15.00. Fourth, that there was no demand for the money before the commencement of the suit. This was clearly proven by the witness, Beach, and admitted by the defendant in his testimony. On the merits of the case, the evidence was conflicting, with no preponderance in favor of the defense, and therefore the verdict was not against the weight of evidence. This disposes of the alleged error in overruling the motion for a new trial, and the judgment is

Affirmed.