## MILLER ET AL. V. MAHAFFY ET AL.

1. **Parties:** ASSIGNMENT OF CONTRACT: PRACTICE. To an action for canceling the assignment of a contract, alleged to be fraudulent, both the assignor and the assignee are necessary parties, and either may insist, either upon the trial below or upon the trial *de novo* in the Supreme Court, that a decree shall not be rendered against him until the other is brought into court.

*Appeal from Montgomery Circuit Court.*

FRIDAY, DECEMBER 15.

THIS is an equitable action triable anew in this court. The petition alleges, in substance, that plaintiffs are the owners of eighty acres of land by virtue of a written contract with the Burlington & Missouri River Railroad Company; that said contract of purchase was taken in the name of the defendant, Robert Miller, who is the brother of plaintiffs; that plaintiffs have paid on the contract the sum of $275, and have held possession of said land since August, 1873, and that they have expended $1,500 in building a house and in other improvements on said land; that defendant, Robert Miller, held

the title as the trustee for plaintiffs and not as the owner, which fact was by defendant Mahaffy well known at all times since August, 1873, as well as the fact that plaintiffs were in possession of the land; that in March, 1875, the defendants fraudulently colluded together to deprive plaintiffs of said land, and the defendant, Robert Miller, then made a transfer of said land and railroad contract to defendant, Mahaffy, without the knowledge or consent of plaintiffs. The prayer of the petition is that said assignment and transfer of the contract be declared void, and that both of the defendants be barred from claiming title to said land, and for general relief.

The answer of the defendant, Mahaffy, alleges that he is the owner of said land; that he purchased the same of Robert Miller, who at the time was in possession and held the contract of purchase; that said contract was assigned to him, the said Mahaffy, with the full knowledge and consent of the plaintiffs; that in June, 1875, after his purchase, he paid to the railroad company the matured payment on said land, amounting to $152, and also the taxes, with the full knowledge and consent of the plaintiffs; that Joseph Miller, one of the plaintiffs, with the full knowledge of the other plaintiffs, leased of defendant, Mahaffy, the premises in question, for the cropping season of 1875, and that all of said plaintiffs have been occupying said premises as tenants of defendant, Mahaffy, and are therefore estopped from claiming title as against him.

The reply alleges that the lease of said land by plaintiff, Joseph Miller, was procured and consummated by the fraudulent representations of defendant, Mahaffy, of the facts relating to said transfer, and that the other plaintiffs were in no way connected with said lease when it was made, and that at the time of making said lease said Joseph Miller was an unmarried man under the age of 21 years, and he now does, and has since he became of age, refused to ratify said lease. It does not appear that the defendant, Robert Miller, was served with an original notice of the pendency of the action; at least no proof of service was made, by publication or otherwise. He is a resident of the State of California. Trial was had as between

the plaintiffs and the defendant, Mahaffy, and a decree rendered declaring the assignment to Mahaffy to be fraudulent and void, excepting as to the undivided one-sixth of the land, and quieting plaintiffs' title to the other five-sixths, and awarding judgment against plaintiffs for $128, being the five-sixths of the amount paid by Mahaffy to the railroad company and the same proportion of the taxes paid by him. Defendant, Mahaffy, appeals.

*McPherson & Scott*, for appellant.

*Hanna Bros.*, for appellee.

ROTHROCK, J.—It is urged by appellant that no decree can be rendered against him because Robert Miller is not a party to the suit. The petition includes his name as a party defendant and prays that the assignment of the contract made by him be canceled for fraud. There is evidence tending to show that the plaintiffs and Robert Miller owned this land in common, each holding an undivided one-sixth, and that the sale made by Robert to Mahaffy and the assignment of the contract with the railroad company was not without consideration, and that a large part of the purchase money is yet unpaid. Under these circumstances Robert Miller is a necessary party defendant. His rights cannot be adjudicated without making him a party, and it is the right of Mahaffy to insist that, before there shall be a decree canceling the assignment of the railroad contract for fraud, both of the parties to the alleged fraud shall be subject to the jurisdiction of the court.

*1. PARTIES: assignment of contract: practice.*

There being no defect of parties apparent on the face of the petition, a demurrer for this cause would not lie. The Code, section 2650, provides "that when any of the matters enumerated as grounds of demurrer do not appear on the face of the petition the objection may be taken by answer. If no such objection is taken it shall be deemed waived."

It is claimed by counsel for appellee that under this provision of the statute the objection should have been made by answer. It seems to us that an answer setting up the fact

that one of the defendants named in the petition had not been served with an original notice, would be an anomaly in our practice. We believe that it was the right of the defendant to insist in the court below, and as the cause is triable anew here, to insist now that no decree shall be rendered against him until the other necessary party be brought before the court. It was incumbent upon plaintiffs to see to it that jurisdiction of Robert Miller was obtained, and we must hold that the decree against appellant was unauthorized because of the want of such jurisdiction.

As we are thus met at the threshold with an insuperable obstacle to the further progress of the cause in this court, it is not necessary to determine whether, upon the evidence, the plaintiffs are entitled to relief. The decree will be reversed and the cause remanded for further proceedings not inconsistent with this opinion.

REVERSED.