THE CAPITAL CITY BANK, Appellee, v. WAKEFIELD & EVANS *et al.*, Appellees, and W. D. TOWNSEND, Garnishee, Appellant.

1. **Practice:** WITHDRAWING ISSUE FROM JURY. Where there is evidence tending to support the issues in a cause the court may properly refuse to take the case from the jury.

2. **Garnishment:** ATTACKING TITLE OF GARNISHEE: PARTIES. In a garnishment proceeding wherein it was sought to charge the garnishee with the possession of notes and bonds belonging to the judgment debtor, and alleged to have been transferred to him to hinder and delay the creditors of the latter, but which the garnishee claimed to have purchased of P. and W. through the judgment debtor as agent for the assignors, *held*, that P. and W. were not necessary parties.

3. ————: JUDGMENT AGAINST GARNISHEE: PRACTICE. The trial of issues upon a garnishment in an action by attachment may be had, and a conditional judgment entered against the garnishee, before a judgment has been rendered in such action against the principal defendant.

4. **Special Verdict:** INSTRUCTIONS. An instruction to a jury that it should determine upon its answers to certain special interrogatories submitted to it in the same manner as upon its general verdict, and be careful that its answers be in harmony with and support its general verdict, *held*, not to be deemed prejudicial where the general tenor of previous instructions was that the jury should decide the case upon the evidence, and it must have understood that its answers to the special interrogatories were to be determined in the same manner.

*Appeal from Polk District Court.* — HON. MARCUS KAVANAGH, Judge.

WEDNESDAY, MAY 27, 1891.

THIS is an action aided by attachment under which the appellant Townsend was garnished as a supposed debtor of J. I. Wakefield. Issue was joined upon the answer of the garnishee, and a trial had upon that issue to a jury, resulting in a verdict and judgment for the plaintiff, from which the garnishee appeals.—*Affirmed.*

*St. John, Stevenson & Whisenand,* for appellant.

*Read & Read,* for appellee.

GIVEN, J.—I: The appellant answered that he had purchased certain notes and bonds of Mrs. N. J.

1. PRACTICE: withdrawing issue from jury.

Paulk and Mrs. M. A. Wakefield, of California, through J. I. Wakefield, their agent. Plaintiffs joined issue, alleging that the notes and bonds belonged to J. I. Wakefield, and were transferred by him to the appellant to defraud, hinder and delay the creditors of . Wakefield. At the close of the testimony the appellant moved for a verdict, on the ground that there was no evidence upon which to find against him, which motion was overruled, and the ruling is assigned as error. No desirable purposes would be served by a discussion of the testimony. It is enough to say that there was testimony tending to sustain the claim of the plaintiff, and that the court properly submitted the issues to the jury.

II.   Appellant contends that Mrs. Paulk and Mrs. Wakefield are necessary parties, and cites *Fowler v.*

2. GARNISHMENT: attacking title of garnishee: parties.

*Doyle,* 16 Iowa, 534, and *Miller v. Mahaffy,* 45 Iowa, 289. A marked distinction exists between those cases and this. The ground upon which it is sought to charge the appellant is that he received the notes and bonds for the fraudulent purpose of hindering and delaying the creditors of J. I. Wakefield. In *Fowler v. Doyle* there was no charge of fraud against the garnishee; it was simply a question whether the debt he owed was due to Fowler or to one Reilley, who was a necessary party, so that the garnishee might not be required to pay the debt twice. In *Miller v. Mahaffy,* the plaintiff and his brother Robert held the land under a contract of purchase, and Robert assigned the contract to Mahaffy. The plaintiffs charged that it was without consideration, and asked to

have the assignment set aside, and it was held that Robert was a necessary party. This case is more nearly within the principle announced in *Potter v. Phillips*, 44 Iowa, 353, that a fraudulent grantor is not a necessary party to an action against his grantees to set aside a conveyance alleged to be in fraud of his creditors. It is there said: "Whether the conveyances were fraudulent or in good faith, the property has irrevocably passed beyond his control. In no way can he be prejudiced in a legal sense by a determination which subjects the property to the payment of his debts." The same is true of Mrs. Paulk and Mrs. Wakefield, though they are not the debtors. We think they are not necessary parties to this proceeding.

III. This action was commenced against the defendants September 26, 1887. The verdict against

3. ——: judgment against garnishee: practice.

the appellant was rendered on the fourth day of December, 1888, and judgment was entered on the verdict, January 19, 1889. On December 16, 1889, an order was made entering judgment against the defendants, and in favor of the plaintiff, as of December 8, 1888. The appellant complains that the court refused to submit the question of defendants' indebtedness to the jury, and that the verdict was returned, and judgment rendered against him before there was any adjudication finding an indebtedness from the defendants to the plaintiff. It will be observed that judgment was entered as of the date between the return of the verdict against the appellant and the entering of judgment against him. There was no issue between the appellant as garnishee and the plaintiff as to the indebtedness of the defendants; therefore, there was no necessity of introducing evidence of such indebtedness, nor of submitting that question to the jury. While it is true a garnishee will not be held liable to the plaintiff unless there is a debt due to the plaintiff, it does not follow that the trial of

issues joined upon the answer of the garnishee must be deferred until final judgment between the plaintiff and defendant.   Section 2988 of the Code provides that, if it is made to appear that the garnishee was indebted to the defendant, or had any of the defendant's property in his hands, at or after he was served with notice, "he is liable to the plaintiff in case judgment is finally recovered by him; * * * and a conditional judgment shall be entered against him accordingly, unless he prefers paying or delivering up the same to the sheriff, as above provided." In *Bean v. Barney*, 10 Iowa, 498, it is said: "The right of a plaintiff to a judgment against the garnishee does not exist until there is final judgment against the defendant in the attachment." This is doubtless true as to an unconditional judgment, such as seems to have been entered in that case; but surely the court may enter such judgment as will hold the debt or property pending the final adjudication.   In that case it is said: "It does not appear from the record in this case that a judgment was ever obtained by the plaintiff against Bancroft." In this case there was in fact a judgment in favor of the plaintiff against the defendants before any judgment was entered against the appellant, though it was not entered of record until after judgment against the garnishee.   There was no error in refusing to submit the question of the defendants' indebtedness to the plaintiff nor in entering judgment against the appellant when and as it was entered.

   IV.   At the conclusion of the instructions the court submitted three special interrogatories, with this instruction: "You will decide upon them in the same manner as your general verdict, and answer the same.   You will be careful, however, that these answers are in harmony with and support your general verdict." The appellant contends that this instruction "requires the jury to

4. Special verdict: instructions.

answer the interrogatories, not with reference to the facts of the case as shown by the evidence, but with reference to their general verdict only." That the findings and verdict should be in harmony is not questioned, nor that the court may instruct the jury to exercise care in that respect. Special findings are of ultimate material facts only, and, when found, the result—the general verdict—follows therefrom. It is clear that a jury should first decide from the evidence what the ultimate facts are; that is, the essential facts which control as to what the verdict should be. With these facts found, they should then decide to what result—what general verdict—they lead. The jury were sworn to decide the case according to the law as given by the court, and the evidence. The general tenor of previous instructions is that they should decide the case upon the evidence, and then they were specifically told that they must decide upon these special questions in the same manner as their general verdict. Thus far the jury could be in no doubt but that they were to decide the special questions from the evidence. The caution which follows could not lead to a different conclusion. True, it would have been more exactly correct if it had cautioned them to be careful that their general verdict was in harmony with the answers, as the answers control; but we do not think, in view of what preceded, that the jury could have understood that they were to decide upon their answers to the special interrogatories from anything but the evidence. *People v. Murray*, 52 Mich. 289; 17 N. W. Rep. 843.

Our conclusion upon the whole record is that the judgment of the district court should be AFFIRMED.