THE VALLEY BANK OF CLARINDA, Appellant, v. H. S. WOLF, Defendant, THE SHENANDOAH NATIONAL BANK, Intervener, Appellee.

**Intervention is Attachment:** RELIEF AGAINST INTERVENER: *Construction of statutes*    Under Code, section 3016, providing, that on intervention in *attachment* "the petitioner's claim shall be in a summary manner investigated. * * * If it is found that the petitioner has title to, a lien on, or any interest in such property, the court shall make such order as may be necessary to protect its rights," the court can only pass on an intervener's claim to the property, and cannot render a money judgment against him for its value.

**Defects in Delivery Bond:** WAIVER. Formal defects in a delivery bond given by an intervener, in an attachment, are waived, if no objection thereto was made in the pleadings, and the sheriff had accepted the bond as valid, and all parties had treated it as such for fourteen years.

*Appeal from Page District Court.*—HON. WALTER I. SMITH, Judge.

FRIDAY, JANUARY 29, 1897.

In November, 1882, plaintiff commenced a suit in the circuit court of Page county, Iowa, against the defendant Wolf, upon two promissory notes, aggregating nearly six thousand dollars. The proper averments were made for the issuance of a writ of attachment, and the writ issued and was served by levying upon certain personal property as the property

of the defendant. At the November term of said court, · the Shenandoah National Bank, appellee herein, intervened in said cause, claiming to be the owner of the attached property. Judgment for the return of said property, and for costs, was demanded. Thereafter, plaintiff filed its answer to the petition of intervention, admitting the levy, and that the property, when taken, was in the possession of the intervener; denying the alleged ownership of intervener, and averring that Wolf never assented to part with his title to, or interest in, the property to intervener; that such assent was obtained by duress, and that all claims of intervener to the property rested upon an illegal consideration. Afterwards, intervener executed a delivery bond to the sheriff in the penal sum of six thousand dollars, the condition of which was as follows: "Now, therefore, if the said intervener shall in all things well and truly perform any judgment of the court which may hereafter be rendered against them in said action, then this obligation to become utterly null and void; otherwise to be and remain in full force and virtue." At the January term, 1894, plaintiff filed an amendment to its answer to the petition of intervention, in which it pleaded a stipulation entered into between all of the parties in the case of Deere & Co. against the same defendant and intervener, wherein it was provided that the judgment in that case should determine the right of possession of the property in the case at bar; that in said Deere & Co. case, judgment was rendered against said intervener, declaring its alleged purchase of the property to be void. In this answer the plaintiff also set forth the delivery bond, and the receipt thereunder by intervener of the property attached in this cause, and that intervener had appropriated it to his own use, and demanded judgment in this case against the intervener for the value of said property. Further pleadings

were filed admitting the execution of the stipulation, and tendering an issue as to whether the plaintiff had not, subsequent to the levy, released a portion of the attached property. On the trial the court held that the stipulation was conclusive upon intervener as to its right to the property in controversy, and that plaintiff was entitled to hold said property as against intervener; that, the property having been delivered to intervener upon its executing a delivery bond, the court could not render a money judgment against the intervener in this case; and hence refused to hear testimony as to the value and disposition of the property by the intervener. The petition of intervention was dismissed, with prejudice, and plaintiff denied a money judgment in this action, and the property condemned to the payment of plaintiff's claim, and a special execution ordered for the sale of the attached property. Judgment was rendered against the intervener for costs. Plaintiff excepted, and appeals.—*Affirmed.*

*Parslow & Scott, W. P. Ferguson,* and *Harl & McCabe* for appellant.

*C. S. Keenan* and *T. E. Clark* for appellee.

KINNE, C. J.—I. The appellant properly says that the questions involved in this appeal may be resolved into three propositions, to-wit: "(1) Has the court jurisdiction, as against the intervener claiming property in an attachment, to try any issue as against that intervener, save only the intervener's demand for affirmative relief? (2) Does the execution of bond under section 2996 of the Code (section 4221, McClain's Code), operate to discharge the attached property? (3) Was it designated as a delivery bond in this case, and in such compliance

with the statute as would have the effect of releasing the property if the last proposition above is answered in the affirmative?" Lest what we are about to say may be misapplied, it is to be remembered that we are not now dealing with our general statute of intervention. Code, sections 2683-2685. Under that statute the intervener may join "with the plaintiff in claiming what is sought by the petition, or by uniting with the defendant in resisting the claim of the plaintiff, or by demanding anything adversely to both the plaintiff and defendant. Code, section 2683. We are not called upon to determine what plaintiff's rights would be under that statute, or whether affirmative relief might be granted it thereunder. Our discussion is limited to determining the effect to be given to the provisions of Code, section 3016, under which this intervention was made. That section reads: "Any person other than the defendant may, before the sale of any attached property, or before the payment to the plaintiff of the proceeds thereof or any attached debt, present his petition, verified by oath, to the court, disputing the validity of the attachment, or stating a claim to the property or money, or to an interest in, or lien on it under any other attachment or otherwise, and setting forth the facts upon which such claim is founded; and the petitioner's claim shall be in a summary manner investigated. The court may hear the proof or order a reference, or may impanel a jury to inquire into the facts. If it is found that the petitioner has title to, a lien on or any interest in such property, the court shall make such order as may be necessary to protect his rights. The costs of such proceeding shall be paid by either party at the discretion of the court." This provision is applicable alone to cases of intervention in attachment or garnishment proceedings, and is not a part of the general statutes relating to intervention. It seems to us

quite clear, from the wording of this section, that the purpose of the law was to authorize the court, in case of intervention in an attachment case, to determine intervener's claim, and that it was not intended, nor does the statute authorize the court in such a case, to consider or determine any other question. The fact that the intervener's claim is to be in a summary manner investigated, and that the court may hear the proof, or order a reference, or impanel a jury to inquire into the facts, and the further provision of the section as to what the court shall do in case intervener's claim to the property is well founded, all tend strongly to show that the provisions of the section are intended only to provide a speedy way of determining the validity of an intervener's claim to attached property, and that that is the only question to be considered and determined in the proceeding provided for by this section. No provision is made for the recovery of a judgment for the value of the property against the intervener by either of the original parties to the suit, in case intervener's claim be not sustained by the proof. Again, the provisions of the statute as to what is to be tried and determined, are specific. It is the validity of the attachment, the claim of intervener to the money or property attached, or some interest in it, or lien upon it; and these are the matters which the court is expressly authorized to summarily investigate. Clearly, we think, the decision of the trial court in this case, that he could not enter a money judgment against intervener and in favor of the plaintiff for the value of the property attached, was correct, and in accord with the exact provisions of the statute. It is said, that such a conclusion works a hardship in compelling the plaintiff to resort to another suit upon the bond, when the whole matter of the intervener's liability should be

settled in this proceeding.   It is not to be denied, that there is much force in appellant's contention, but the plain provisions of the statute cannot be ignored by us, even to the end that litigation may be lessened. No case is cited, and a diligent search of the authorities discloses none, applicable to the questions here presented.   The case of *Jack v. Railroad Co.*, 49 Iowa, 627, was not a case of an intervention in an attachment proceeding, and what is therein said, though applicable to interventions generally, has no application to a case of intervention under the special statute under consideration.   The cases of *Braithwaite v. Akin*, 3 N. D. 365 (56 N. W. Rep. 133), and *Bank v. Weems*, 69 Tex. 489 (6 S. W. Rep. 808), are not applicable, for the same reason.

II.   It is urged that the giving of the delivery bond simply transferred the possession of the attached property to the intervener, that it was still subject to the lien of the attachment, and that the court erred in not receiving evidence as to the value of the property.   We discover no reason for extended discussion of this question.   Under our holding in the first division of this opinion, it is clear that, had the attached property remained in the actual possession of the sheriff, the court could properly have entered no other judgment than it in fact did.   If, therefore, the appellant's contention that the effect of the bond was simply to transfer the possession of the property to the intervener, who held it as the sheriff's agent be correct,—a point we do not decide,—it would in no wise change the situation.   In any event the court could not render a judgment, under the circumstances, for the value of the property.   He was simply authorized in this proceeding to determine the claim made by intervener.

III.   The bond was given and accepted by the officer as a delivery bond.   It was in some respects

informal.   It did not comply in all respects with the statutory provisions as to what should be stated in such a bond.   Hence it is contended the court erred in not treating the attached property as having been converted by intervener, and in not receiving evidence of the value of the property and rendering a judgment against it therefor.   No question is made in the pleadings as to the sufficiency or delivery of the bond as a delivery bond.   It appears that for fourteen years all parties have treated it as sufficient for that purpose.   It was so accepted by the sheriff.   Under all of these circumstances, we ought not to be asked to treat as invalid a bond which all of the parties have treated as binding, and the sufficiency of which is not questioned in the pleadings. We discover no error in the rulings and judgment of the district court.—AFFIRMED.