MICHAEL O'MELIA v. M. C. HOFFMEYER, Defendant, EDWARD
A. HITCHCOCK, Administrator of the Estate of Frank
B. Hoffmeyer, Deceased, Garnishee, and SOPHIA C.
McCoy, *et al*, Intervenors, Appellants.

Action to Reach Funds in Hands of Garnishee: ANSWER OF GAR-
NISHEE: FAILURE TO REPLY TO. Where the real parties in
interest intervene in a proceeding and seek to reach the funds
in the hands of a garnishee, the garnishee is not interested in
the disposition of the funds, and a failure to reply to his ans-
wers alleging the same facts as are set up in the petition of
intervention is not an admission of such facts.

Proceeds of Life Insurance: WHEN SUBJECT TO DEBTS OF DECEASED:
EVIDENCE. Evidence considered and found insufficient to con-
stitute a special contract for the appropriation of funds from a
life insurance policy as required by Code section 3313.

*Appeal from Muscatine District Court.*—HON.  A.  H.
HOUSE, Judge.

WEDNESDAY, FEBRUARY 4, 1903.

F. B. Hoffmeyer died January 7, 1899. He was unmar-
ried, and left a certificate of insurance in the Modern,
Brotherhood of America for $2,000, payable to himself or
legal representatives. Edward A. Hitchcock was appointed
administrator of the estate January 30, 1899, and received
$1,996.40 on this certificate the same day. Two days later
execution was issued on a judgment rendered in favor
of Michael O'Melia against M. C. Hoffmeyer, the mother
of the deceased, and W. F. Hoffmeyer, a brother, for $839,
September 26, 1891, and the administrator duly served
with notice of garnishment. At the April term of court
the garnishee answered, orally stating the above facts only.
On the 20th day of that month the six brothers and sisters
of deceased filed a petition of intervention, in which they

alleged that M. O. Hoffmeyer had assigned to them the
certificate of insurance in satisfaction of an existing in-
debtedness, and prayed that the administrator be ordered
to pay the money over to them.    The judgment plaintiff
answered May 23d.    An amendment to the petition of
intervention was filed September 13, 1900, to which the
judgment plaintiff responded October 10th following, and
on the same day the garnishee filed an additional answer in
writing, setting up substantially the same matters as
interveners.    August 14, 1899, Peter N. Campbell and Fred
Giester intervened, alleging in their petitions the recovery
of judgments against M. O. Hoffmeyer, the fraudulent as-
signment of the certificate of insurance, and prayed for the
establishment of liens on the fund in the administrator's
hands for the satisfaction of their judgments.    Upon trial
to the court without a jury, the garnishee was ordered to
pay the judgments from the fund in his hands in the order
mentioned.    The intervening children of M. O. Hoffmeyer
and the administrator appeal.—*Affirmed.*

*Jayne & Hoffman* for appellants.

*Horan & Devitt* and *John R. Hanley* for appellees.

LADD, J.—The oral answer of the administrator as
garnishee, taken in open court, was to the effect that he
had received payment of the indemnity on the life of
deceased.    As neither wife nor children sur-

1. ANSWER of
garnishee;
failure to
reply to.

vived him, and his father had died in 1871,
his mother, M. O. Hoffmeyer, the judgment
defendant, was his sole heir.    In the absence of any
special contract or arrangement, the money was not sub-
ject to the payment of his debts, and the garnishee held
the money for her only.    Section 1805, Code.    But it was
not exempt from the payment of her debts, and plaintiff,
on the answer as made, was entitled to judgment against
the garnishee.    There was no occasion, then, for a contro-

verting pleading. The record was in this condition when the issues with respect to the prior assignment of the in-, surance policy were raised by the petition of intervention filed April 20, 1899. That alleged that deceased was largely indebted to each of his six brothers and sisters; that, to provide a fund to pay them, he had procured the insurance in question, payable to his estate, and that M. C. Hoffmeyer, had, in recognition of their right to the indemnity, assigned her apparent interest therein to them. The answer of plaintiff, filed within a month, put in issue these allegations, and set up affirmatively that the assignment, if executed, was without consideration, and in fraud of creditors. On September 16, 1900, sixteen months later, the interveners for the first time made the claim in an amendment to the petition that the consideration was a debt owing from their mother to them; and substan tially the same answer was interposed on the 10th of October following. On the same day the garnishee filed an additional answer, pleading the same matters as appeared in the petition of intervention and amendment thereto. To this there was no response from the judgment plaintiff, and appellant now insists that the statements contained therein ought to have been taken as true. See *Bean v. Barney*, 10 Iowa, 498; *Meeker v. Sanders*, 6 Iowa, 61. Ordinarily, the garnishee, if informed of the assignment of the debt owing by him, is bound to make this known in his defense. *Large v. Moore*, 17 Iowa, 258. The rule is otherwise, however, where the assignees of the debtor, the real parties in interest, intervene, and undertake for themselves to assert their claims to the property. In such a case there is no occasion for the garnishee to do otherwise than hold the funds indifferent as between the parties, and bide the result of their litigation. *Daniels v. Clark*, 38 Iowa, 556.

The question to be determined in the instant case was whether interveners or the judgment defendant had title

at the time notice of garnishment was served. *Bank v. Wolf*, 101 Iowa, 51, section 3938, Code. If the decision had been for the interveners, the judgment would of necessity have awarded them the money in the garnishee's hands. As it was otherwise, their petition was dismissed, and the money merely relieved from the claims of the interveners. It then belonged to Mrs. Hoffmeyer, and was properly ordered to be turned over to her creditors. The assignees might have waived their claims, notwithstanding the protest of the garnishee. They might refuse to set up matters material to the controversy in disregard to his wishes. He had no right to control the litigation, and, inasmuch as they undertook to assert their own claims, his pleading restating these was properly disregarded.

II. From what has been said it is plain that the issues were triable on the law side of the calendar. *Bank v. Studemann*, 74 Iowa, 104. The pleadings were entitled as in law, and trial by jury expressly waived. The record discloses no reason for not treating it here as an action at law.

III. Our statute provides that "the avails of any li e or accident insurance * * * are not subject to the debts of the deceased except by special contract or arrangement." Section 3313, Code. The evidence showed that the administrator procured the certificate of insurance from one of the interveners, Mrs. McCoy. The deceased had said to several persons that he intended the indemnity derived therefrom to be used in payment of his indebtedness to his brothers and sisters and to one White; that he had placed it with Mrs. McCoy so that, if anything happened to him, they might have something to come back on to collect for his debt; and that he knew she would do right with the rest of them. This evidence falls far short of establishing any special contract or arrangement such as contemplated by the statute. He may have entertained

*2. Proceeds of life insurance: when subject to debts of deceased; evidence.*

the purpose as stated, but it was never consummated in a mutual understanding between himself and creditors. *Larrabee v. Palmer*, 101 Iowa, 132, 138.

IV. The assignment was executed by Mrs. Hoffmeyer. The court found this was done with the intention of defeating creditors. A review of the evidence will be of no benefit. Suffice it to say that the finding of the court is sustained by the evidence. Appellant contends that there is no evidence of the insolvency of W. F. Hoffmeyer, the other judgment defendant. If this be conceded as essential, it is to be said that the record shows two judgments of over $800 each and another of more than $600 were recovered against him in 1891, and a fourth, for $538.70, in 1893. An execution had been returned on one of these, satisfied only in part. The remainder and the other three judgments are uncollected. This evidence, in the absence of any explanation, indicates that he was insolvent. The motion of appellee to affirm is disposed of by recent decisions.—AFFIRMED.