U. S. RENNE, Appellant, v. D. W. TOWNSEND, H. I. SYLVES-TER, and CHARLES E. THOMAS.

Inconsistent remedies: ELECTION. An action to enforce against a vendee of real property, the payment of a sum claimed to be due as a part of the purchase price, is an election to treat the vendee as owner of the property, and is inconsistent with, and a bar to a subsequent action to set the conveyance aside.

*Appeal from Woodbury District Court.*— HON. GEORGE W. WAKEFIELD, Judge.

FRIDAY, JUNE 10, 1904.

ACTION to have a conveyance set aside and have title to the premises described in such conveyance quieted in the plaintiff. Defendant pleaded the proceedings in a prior action between the same parties as constituting a previous adjudication, and also an election to recognize the conveyance in question as passing title to defendant Thomas. On a trial on the issues there was a decree for defendant Thomas, and plaintiff appeals.— *Affirmed.*

*W. G. Sears,* for appellant.

*Jepson & Jepson,* for appellee.

MCCLAIN, J.— The prior proceedings relied upon by defendant as constituting an adjudication and an election of remedy by plaintiff inconsistent with the present action, were had in an action in which the plaintiff first alleged that he had conveyed certain premises described to defendant Sylvester, with the agreement that said Sylvester should assume and pay a mortgage thereon, and that by reason of his failure to comply with such agreement the mortgage had been foreclosed,

and a deficiency judgment for about $300 rendered against plaintiff, and he asked that he have judgment against defendant Sylvester for that amount, and that such judgment be made a lien on the premises to which defendant Thomas was alleged to have title by conveyance from Sylvester. Subsequently the plaintiff amended his petition, and alleged that the conveyance of Sylvester to Thomas was made for the purpose of hindering and delaying the creditors of Sylvester, especially the plaintiff, and was void, and that Sylvester was still the owner of the premises. In a subsequent amendment plaintiff dismissed his action against Sylvester, and sought to recover judgment against defendant Thomas under an oral agreement to pay off the deficiency judgment as a part of the purchase price of the land in consideration of a relinquishment by plaintiff of all his interest therein, and that defendant had refused and neglected to pay said judgment; wherefore plaintiff asked that he have a vendor's lien to secure the amount of the deficiency judgment which said Thomas had failed to pay, and that said lien be foreclosed, etc. On the allegations of this last amendment, which were denied by defendant Thomas, the case came to trial, and a decree was rendered for the defendant dismissing the plaintiff's action. The allegation of the plaintiff in the present case is that at a date prior to the bringing of the first action the plaintiff had rescinded the conveyance to Sylvester, through whom Thomas claimed title, and that Thomas, at the time of taking the conveyance, had full knowledge of such rescission, and of the alleged fraud on account of which such rescission was made. The particulars of the fraud alleged as a sufficient basis for the rescission need not be here specified. It is enough to say that, after having elected to treat defendant Thomas as the owner of the premises, and to attempt to enforce against him a vendor's lien under the alleged agreement on the part of Thomas to pay off the deficiency judgment as a part of the purchase price, and having been defeated in that action, plaintiff cannot now change his ground and rely upon a rescission

of the conveyance to Sylvester, which in the prior action was treated as a valid conveyance passing title to Sylvester, and through him to Thomas, subject only to the obligation to satisfy the existing mortgage. The two remedies are wholly inconsistent, and manifestly so. There is no pretense that plaintiff did not, at the time of bringing the first action, have full knowledge of all of the facts which he now alleges as entitling him to relief in the present action.

Defendant Thomas also relies on the decree in the former case as constituting a former adjudication, but this point it is not necessary to consider.

The decree for defendant Thomas was correct, and it is AFFIRMED.