A. E. PARIS v. N. H. SHEPPARD,' SHERIFF, Appellant.

**Attachment:** INTERVENTION : ELECTION OF REMEDIES.   Where one intervened in an attachment proceeding under Code, section 3928, claiming the property, with knowledge that the same had been sold as perishable and the proceeds were in the hands of the sheriff, it amounted to an election of remedies precluding a subsequent action for the value of the property.

*Appeal from Davis District Court.*— HON. M. A. ROBERTS, Judge.

THURSDAY, OCTOBER 20, 1904.

SUIT at law to recover the value of a stock of merchandise.   Mrs. S. E. Easton was at one time the owner of the stock, and sold it to the plaintiff herein.   After the sale and delivery thereof to the plaintiff, one of Mrs. Easton's creditors caused the stock to be levied upon in an attachment suit against her, and the defendant took possession of the prop-

erty by virtue of the levy. Afterwards the attaching cred-
itor, proceeding under chapter 101 of the Laws of the Twen-
ty-Seventh General Assembly, caused the attached property
to be sold because of its perishable nature. The plaintiff
was notified of the proposed sale, and was present thereat,
and made no objections thereto. After the sale had been
fully completed, the plaintiff herein intervened in the attach-
ment suit under the provision of section 3928 of the Code,
and upon a trial of the issue therein joined he was adjudged
to be the owner of the goods. At the time of the intervention,
the proceeds of the sale were in the hands of the defendant
sheriff, and have so remained ever since. No order was
asked or made requiring him to deliver the same to the inter-
vener, and thereafter this suit was brought for the value of
the stock. There was a trial resulting in a judgment against
the defendant for nearly $400, from which judgment he ap-
peals.— *Reversed.*

*Work & Work* and *Payne & Sowers,* for appellant.

*Taylor & Scarborough,* for appellee.

Sherwin, J.— The important question in this case is
whether the plaintiff is estopped from maintaining this action
for the value of the stock of goods. It is contended by the
appellant that when he intervened in the attachment suit he
elected to pursue one of two or more inconsistent remedies,
and that he is now bound by such election, and can recover
nothing herein. The question is an important one, and in-
volves a construction of section 3928 of the Code, which is
as follows:

Any person other than the defendant may, before the
sale of any attached property, or before the payment to the
plaintiff of the proceeds thereof, or any attached debt, present
his petition verified by oath to the court, disputing the valid-
ity of the attachment, or stating a claim to the property or
money, or to an interest in or lien on it, under any other

attachment or otherwise, and setting forth the facts upon which the claim is founded; and the petitioner's claim shall be in a summary manner investigated. The court may hear the proof or order a reference, or may impanel a jury to inquire into the facts. If it is found that the petitioner has a title to, a lien on, or any interest in such property, the court shall make such order as may be necessary to protect his rights. The costs of such proceedings shall be paid by either party at the discretion of the court.

The language of the statute is that the intervener's claim to the attached property shall be summarily investigated and determined, and that an order shall be made fully protecting his rights. Its clearly expressed purpose is to provide a speedy and summary method whereby the title to the attached property may be determined, and it is as clearly apparent that when it is found that the property belongs to the intervener the court may order it delivered to him released from the attachment. Furthermore, we have held that no question other than the intervener's claim or title can be tried and determined under this statute. *Valley Bank v. Wolf,* 101 Iowa, 51. If the specific property in question had been held by the sheriff at the time of the judgment in the intervention proceedings, there can be no doubt that the court could have ordered and enforced its return to the plaintiff, who was found to be the true owner thereof. But the property had been found to be perishable, and had been sold as provided by law (chapter 101, page 56, Acts Twenty-Seventh General Assembly); and the proceeds thereof were held by the sheriff awaiting the final judgment of the court. It was, therefore, a fund in court, standing in the place of the specific property which it represented, to be disposed of only upon the judgment or order of the court. The plaintiff was advised of the exact situation before he intervened, and was bound to know that the property itself could not then be returned to him; hence we think it must be said that he sought to establish his claim to the money in the hands of the sheriff, which stood for the property, otherwise the trial of

his title would have been a farce, and an imposition upon the court, which cannot be tolerated. The statute gave him other remedies, and he was not bound to proceed under section 3928. *Sperry v. Ethridge,* 70 Iowa, 27. But having so proceeded, it will constitute an election of remedies by which he is bound, if the remedy which he now seeks is inconsistent with the former. Where remedies are not concurrent, and a choice between them is once made with full knowledge of all the facts, the right to follow the other is forever gone. *Renne v. Townsend,* 124 Iowa, 332; *Boots v. Ferguson,* 46 Hun, 129; *Thompson v. Howard,* 31 Mich. 309; *Fowler v. Savings Bank,* 113 N. Y. 450 (21 N. E. Rep. 172, 4 L. R. A. 145, 10 Am. St. Rep. 479), and extended note thereon, 487; *Hartland v. Hackett,* 57 Vt. 92; *Hooker v. Hubbard,* 97 Mass. 177; *Tarry v. Munger,* 121 N. Y. 161 (24 N. E. Rep. 272, 8 L. R. A. 216, 18 Am. St. Rep. 803).

That the two remedies pursued by the plaintiff are inconsistent we think admits of no doubt. In the one he claims the ownership of the property, and asks that it be returned to him, and in the other he treats it as having been converted, and asks to recover its value. He surely could not maintain both actions at once, nor in succession. True, he might commence both at once, but in such event he could be required to elect which remedy he would follow, and dismiss the other. But he made his own election, and followed it to a final judgment, and by that he is bound whether the result is satisfactory or not. In *Valley Bank v. Wolf, supra,* there was an intervention under the same statute, and upon a trial the issue was determined adversely to the intervener, who had obtained possession of the property under a delivery bond, and we held that recovery on the bond could not be had in the intervention proceedings, but would have to be obtained through an independent action. There was no question of the election of remedies in the case, and nothing was said therein on the subject.

For the reasons given herein, the judgment is *reversed.*