HAWARDEN STATE BANK, Appellant, v. R. J. HESSLER, Defendant, and G. J. SHOEMAKER, Garnishee.

Garnishment: JUDGMENT AGAINST GARNISHEE. Judgment against a
1   garnishee should not be entered prior to a judgment against the
principal debtor.

Same: PAYMENT INTO COURT:, APPEAL. There is no occasion for
2   ordering the fund in the hands of a garnishee to be paid over
to the clerk prior to judgment against the principal defendant,
where there is no showing that he cannot safely keep the same;
and an order denying a motion to that effect is not appealable.

*Appeal from Sioux District Court.*— HON. WM. HUTCHINSON, Judge.

MONDAY, OCTOBER 22, 1906.

*Clarence A. Plank,* for appellant.

*P. D. Van Oosterhout* and *J. H. Hutchinson,* for appellees.

LADD, J.— The plaintiff prayed for judgment on account of overdrafts in the sum of $607. The petition was aided by writ of attachment, and G. J. Shoemaker served thereunder as garnishee. From his answer, taken in open court, it appeared that the defendant Hessler, had conveyed a part of his property by bill of sale to Shoemaker and the remainder to the Hawarden Creamery Association, with the understanding that the garnishee should reduce the property to money, and distribute it pro rata to the farmer patrons of the creamery, to whom Hessler was indebted. Shoemaker had received under this arrangement $900, and the plaintiff moved for an order that the garnishee pay into the hands of the clerk of court a sufficient sum of money to sat-

isfy any judgment which might be recovered. This was on the theory that the bills of sale amounted to a general assignment for the benefit of creditors with preferences, and, for this reason, were void. The motion was overruled, but the granishee was not discharged. No judgment had been recovered by plaintiff against defendant, and for this reason none properly might have been entered against the garnishee. *Barton v. Smith,* 7 Iowa, 85; *Bean v. Barney,* 10 Iowa, 498; *Toll v. Knight,* 15 Iowa, 370. See *Capitol City Bank v. Wakefield,* 83 Iowa, 46.

As no claim was made that the garnishee would not safely keep the funds until judgment might be recovered against defendant, there was no occasion for turning them over to the clerk prior to the recovery of judgment, even if this might be done in a proper case. His liability as garnishee was still subject to determination after the entry of judgment, and, for this reason, the ruling of the court was not such as to involve the merits of the claim against the garnishee, nor materially to affect the decision finally to be rendered. An appeal cannot be prosecuted from such an order. Section 4101, Code. See *Richards v. Burden,* 31 Iowa, 305; *Walker v. Pumphrey,* 82 Iowa, 487. And no other course is open save to dismiss for want of jurisdiction.— *Dismissed.*