## GRAY *vs.* SCHENCK.

Where the plaintiff in a judgment creditor's bill attempts to reach the moneys due upon a mortgage which he alledges has been fraudulently assigned by the debtor, the assignee of the mortgage must be made a party, although he resides out of the state.

Accordingly held, that a decree, made upon a bill filed against the debtor and mortgagor only, adjudging the assignment of the mortgage to be fraudulent and setting the same aside, was erroneous the objection that the assignee was not a party having been taken in due season.

GRAY recovered judgment at law against William Schenck, in December, 1845, and after execution returned unsatisfied, filed the bill in this cause against the debtor and his son Benjamin Schenck, in the nature of a creditor's bill, alledging, amongst other things, that certain moneys were due from Benjamin to William on a mortgage, which ought to be applied on the judgment, and which said mortgage was executed by Benjamin to William, March 1, 1838. The answer of the defendant Benjamin Schenck denied that any moneys were due from him upon the mortgage, and set forth various facts tending to show that he had an equitable defence against the mortgage. [461] He also alledged that William Schenck, in Dec. 1845, assigned said mortgage to Richard and Garrit Schenck, and that

they on the same day assigned it to S. Kidder of Wisconsin, who had ever since remained the owner. The assignment was alledged to be bona fide, and it was insisted in the answer that Kidder should be made a party to the suit. A replication was filed, proofs were taken, and the cause brought to hearing without making Kidder a party. WILLARD, vice chancellor of the fourth circuit, decreed that both assignments above mentioned were fraudulent and void as against the plaintiff, and that the defendants pay to the plaintiff the amount of his debt and costs. The decree also contained a provision that in case Benjamin Schenck paid the debt, he should have the right to retain out of the mortgage the amount so paid, in any settlement with William Schenck, or with Kidder the assignee. The decree was affirmed by the supreme court in the fourth district, and Benjamin Schenck appealed to this court.

*N. Hill, Jr.* for appellant.

*M. T. Reynolds,* for respondent.

GARDINER, J. The objection that Kidder, as the assignee of the bond and mortgage executed by the appellant to his father, was a necessary party to the suit, was distinctly made in the answer of the former, and presents the only question necessary to be determined. Respect for the learned court who pronounced the decision in this cause, has induced an examination of a question which otherwise was supposed to involve no difficulty. Kidder has had no day in court. Upon the ordinary principles upon which justice is administered in courts of equity, he could not be convicted of a fraud, or deprived of his property, without actual or constructive notice of the suit, and an opportunity of making his defence. Any exception to a rule, so manifestly just, must be established by the complainant, as the legal presumption would be against it. Kidder resided in Wisconsin when this suit was commenced, during its progress, and when [462] it was decided. Mr. Maddock in his treatise states, it is true, in general terms, that "when parties interested are out of the

jurisdiction of the court, and it is so stated in the bill and proved, it is not necessary to make them parties." The authority he refers to is *Darnent* v. *Walton*, (2 *Atkyns*, 510.) The question there was, as stated by the reporter, "if a bill is brought against one partner, for a joint demand, and the other is not amenable to the court, being out of the kingdom, whether the partner before the court shall pay the *whole* or a moiety of the debt." It was held that he should pay the whole. Each debtor, it will be perceived, sustained the same relation to the creditor. The obligation of each extended to the whole demand. The party in court could make, and was interested to make, any defence going to the discharge of the joint indebtedness. His only interest in the appearance of the other joint debtor, was for the purpose of enforcing contribution. This right was subordinate to, and should yield to the right of the creditor to his demand. This is all that was decided in that case.

The *Commercial Bank* v. *Meach*, (7 *Paige*, 449,) was the case of joint debtors against whom judgment was recovered; and in *Jermain* v. *Langdon*, (8 *Paige*, 41,) and *Evarts* v. *Banker*, (*id.* 507,) the proceedings were under the statute relative to absent defendants. These are all the authorities to which reference is made by the supreme court. Mr. Maddock, however, at the same page referred to, in the opinion before us, observes, "that if the absent parties have rights wholly distinct from those of the other parties, the court can not proceed to a determination against them." "Hence," he adds, "there sometimes arises an absolute defect of justice, which seems to require the interposition of the legislature. And Story remarks, that under such circumstances the court can not properly proceed to the determination of the suit without their being made parties. (*Story's Eq.* § 81, *and cases.*)

In this case the rights of Kidder were not only distinct from both the defendants, but adverse to that of the judgment debtor. And our legislature have remedied the inconvenience alluded to by Maddock, by providing a mode in which the absentee may [463] be made a defendant, and the rights of all parties effectually secured. (2 *R. S.* 186.) The complainant therefore can

not alledge necessity to justify a departure from principle. Nor is he supported by any adjudged case which has been brought to our notice. Kidder was then a necessary party; the law enabled the complainant to bring him into court, so as to bind him by the decree, after the time and in the manner prescribed in the statute. Having neglected to do this, the decree of the supreme court, so far as it affects his rights, is a nullity, and consequently affords no protection to the mortgagor; who would thus be subjected to a double payment, without indemnity. (*Cowen & Hill's Notes*, 918, 919; *Story*, § 81, *supra*.) This was not the design of the supreme court, although it would be the effect of their decision. It must therefore be reversed.

Decree reversed.