JOHN F. PEYSER et al., Appellants, *v.* FREDERICK B. WENDT et al., Respondents.

Where, upon trial before a referee, it appeared that there could not be a complete determination of the matters in controversy without the presence of one not a party to the action, and the referee thereupon granted leave to the plaintiffs to make application to the court to bring in such necessary party, and directed the cause to stand over for that purpose, *held,* that the referee had power to make the order; and, on refusal of the plaintiffs to make the application, that a dismissal of the complaint " without prejudice" was within the power of the referee and was justified.

D. died in 1870, leaving real and personal estate, and leaving a will by which he gave one-third of all his estate to his wife absolutely, and the other two-thirds for life; a portion of the remainder he gave to M., who died intestate in 1873, and his widow was appointed administratrix. After the death of the testator's widow, this action was commenced; a portion of the relief sought was an accounting by the executor and distribution of the personalty, and the appointment of a receiver thereof. *Held,* that the administratrix of M. was a necessary party; and that the necessity was not obviated by a finding that the executor had not at any time sufficient money in his hands to pay a specific legacy, as it could not conclude the administratrix in her absence, or protect the executor against a demand on her part for an accounting.

(Argued October 4, 1881; decided January 17, 1882.)

APPEAL from judgment of the General Term of the Supreme Court, in the first judicial department, entered upon an order made November 6, 1879, which affirmed a judgment dismissing the complaint, entered upon the report of a referee.

This action was brought by plaintiffs as beneficiaries under the will of David M. Peyser, deceased, against defendant, Wendt, sole executor under said will, and others. The relief asked was that said executor be required to account for all the assets, property, etc., of the deceased, which have come to his hands, and for distribution thereof. Also, that a receiver be appointed to keep the property until distribution. A partition of the real estate was also prayed for.

Said David M. Peyser died in 1870, leaving real and personal estate, and leaving a will by which he gave one-third of all his property, real and personal, to his wife, "absolutely and

to be disposed of as she may elect at any time," and the remaining two-thirds to her during life. Upon her death, he gave out of the remainder, to Caroline Peyser, $15,000,and the residue he directed to be divided into five equal parts, one of which parts he gave to the two sons of his brother, Frederick M. Peyser, two parts he gave to the children of two other brothers, and the remaining two parts to beneficiaries named. The devises and bequests to the children of his three brothers he directed should be held by his executors in trust, until said children respectively became of age, or married, when the portion of such one was directed to be paid. The executors were empowered to sell and convey all the property as they might deem best for the purposes of the will. The widow of the testator died in 1875. Max M. Peyser, one of the two sons of the testator's brother Frederick, died intestate in 1873, and in 1879, during the pendency of this action, his widow was appointed administratrix. At the close of plaintiffs' evidence, a motion was made to dismiss the complaint. The referee granted leave to the plaintiffs to apply to the court for an amendment of the summons and complaint so as to bring in the said administratrix as a party defendant, and that the action stand over for that purpose; plaintiffs having refused to so apply to the court, or to make such amendments, the referee made his report, wherein, after finding the facts above stated with others, he found, as conclusions of law, that said administratrix was a necessary party to the action, and a complete determination of the controversy could not be had without her presence, and because of the refusal of the plaintiffs to bring her in as a party, he directed the dismissal of the complaint as to all of the defendants, " without prejudice, however, to the right of plaintiffs, or either of them, to bring another action." Further facts appear in the opinion.

*George A. Black* for appellants. The words of the gift " upon the death of my said wife " must be construed to mean a present gift and the time of enjoyment only postponed. (*Everitt* v. *Everitt*, 29 N. Y. 75; *Hayes* v. *Gourley*, 1 Hun, 39;

*Thompson* v. *Waters*, 22 id. 621 ; *Savage* v. *Burnham*, 17 N. Y. 569.) The fee and the power in trust may reside in different persons. (*Ackerman* v. *Gorton*, 67 N. Y. 63.) As there is no language which necessarily imports an intention to vest an estate in the trustee there is no necessity for such a construction. (*Tucker* v. *Tucker*, 5 N. Y. 408 ; *Martin* v. *Martin*, 43 Barb. 273 ; *Hutchings* v. *Baldwin*, 7 Bosw. · 241 ; *Hetzel* v. *Barber*, 69 N. Y. 1, 7.) The provision that the executors, until the sale, shall hold " in trust the rents, issues and profits of such real estate," does not import a fee. (1 R. S., § 56, p. 729 ; *Post* v. *Hover*, 33 N. Y. 599 ; *Robert* v. *Corning*, 23 Hun, 304.) The doctrine of equitable conversion does not apply. (§ 59, R. S.; *Crittenden* v. *Fairchild*, 41 N. Y. 293 ; *Gourley* v. *Campbell*, 66 id. 172 ; *Will of Fox*, 52 id. 537 ; *Fisher* v. *Banta*, 66 id. 476.) The administratrix of Max M. Peyser was not a necessary party to this action. (*Savage* v. *Burnham*, 17 N. Y. 569 ; *Angell* v. *Lawton* 76 id. 542.)

*Charles Wehle* for respondents Wendt *et al.* The administratrix of Max M. Peyser was a necessary party to this action. (*Eliot* v. *Fisher*, 12 Simons, 505 ; *Jackson* v. *Stagg*, 1 N. Y. 210 ; *Horton* v. *McCoy*, 47 id. 21 ; *Hatch* v. *Bassett*, 52 id. 359 ; *Fisher* v. *Banta*, 66 id. 468 ; *Power* v. *Cassidy*, 77 id. 602 ; *Morse* v. *Morse*, Alb. L. J., June 11, 1881, p. 473 ; 12 Simon's Cases in Chancery, 505.) As plaintiffs refused to make said administratrix a party in any manner there remained no other alternative for the referee but to dismiss the complaint. (Code of Procedure, § 272 ; Code of Civil Procedure, §§ 1018, 452 ; *Van Epps* v. *Van Dusen*, 4 Paige, 75, 76 ; *Greenleaf* v. *Queens*, 1 Peters, 137–148 : *Burhans* v. *Burhans*, 2 Barb. Ch. 398.)

*C. Bainbridge Smith* for respondents. The real estate of the testator was converted into personal estate, and consequently it was not the subject of partition by the plaintiffs. (*Fisher* v. *Banta*, 66 N. Y. 468 ; *Stagg* v. *Jasckon*, 1 id. 206 ; *Power* v. *Cassidy*, 79 id. 602.) Plaintiffs having refused to bring

in the administratrix the complaint was properly dismissed. ( *Van Epps* v. *Van Dusen*, 4 Paige, 64 ; *Vanderwerken* v. *Vanderwerken*, 7 Barb. 221, 224 ; *Shaver* v. *Brainard*, 29 id. 25 ; *Burhans* v. *Burhans*, 2 Barb. Ch. 398 ; *Lord* v. *Underdunc*, 1 Sandf. Ch. 46, 51 ; 1 Barb. Ch. Pr. 320, 321 ; 10 N. Y. 522, 549 ; 12 id. 568–9.) The rule in chancery was that a supplemental bill was proper to set up circumstances material to the original bill, which have happened after the filing of the bill. (2 Barb. Ch. Pr. 59 ; *Candler* v. *Pettit*, 1 Paige, 168 ; *Wilder* v. *Keeler*, 3 id. 164 ; *King* v. *Donnelly*, 5 id. 46.) The same rule obtains under the Code, and the former practice in chancery furnishes a mode of proceeding in such cases. (Code of Civil Procedure, § 544 ; *Green* v. *Bates*, 7 How. Pr. 296.)

RAPALLO, J.    The complaint in this action was dismissed without prejudice, on the sole ground that Dora W. Peyser, the widow and administratrix, etc., of Max M. Peyser, deceased, was a necessary party, without whose presence a complete determination could not be had of the matters in controversy herein, and that, although the referee had given leave to the plaintiffs to bring her in as a party, and had ordered the cause to stand over for that purpose, the plaintiffs had refused to make her a party in any manner.    If she was such a necessary party, we entertain no doubt of the power of the referee to make the order, and render the judgment appealed from. ( *Van Epps* v. *Van Deusen*, 4 Paige 75 ; Code of Procedure, § 272 ; Code of Civil Procedure, §§ 452, 1018.)    In considering the question as to the necessity of making her a party, the referee passed upon the merits of various questions involved in the construction of the will of David M. Peyser, deceased.    We do not think it necessary or advisable, at this stage of the case, to finally determine those questions.    The widow of Max M. Peyser, deceased, is under the findings clearly entitled to succeed to his rights in the personal estate of David M. Peyser, deceased.    It appears that, without reference to the question of the conversion of his real estate into personalty, he left personal property, and a part of the relief sought in this action

is an accounting and distribution of such personal property, and the appointment of a receiver thereof in the mean time. To this branch of the case, the widow and administratrix of Max M. Peyser is, beyond doubt, a necessary party. It is no answer to this, that the referee has found that the executor has not at any time had sufficient money to pay the legacy of fifteen thousand dollars to Carolina M. Raasch. That finding does not establish that there are not more than sufficient assets to pay the legacy, but whatever should be its interpretation, it cannot conclude the representative of Max M. Peyser, in her absence, or protect the executor against a demand on her part for an accounting. She is entitled to be heard and adduce evidence, and the executor should not be compelled to account twice, nor could a final decree of distribution be made in her absence. The further important question in the case, whether upon the death of Max M. Peyser his share of the real estate passed to his brother as his heir at law, or whether, under the terms of the will, he took a share of the proceeds, only, of such real estate, as personal property in remainder, expectant upon the death of the widow, is one in which the widow and administratrix of Max M. Peyser, deceased, is directly interested, and it should not be determined in her absence. She was entitled to be heard upon the question, and the executor was entitled to a judgment which, if adverse to her, would conclude her. Upon the question, whether the power of sale contained in the will, if construed to be imperative, is confined to the two-thirds of the real estate of the testator, or extends to the whole of it, we entertain considerable doubt of the correctness of the decision of the learned referee, but as this judgment only decides that the widow and administratrix of Max M. Peyser, deceased, is a necessary party to the action, we prefer to leave all the questions as to the construction of the will open for future adjudication.

The judgment should be affirmed, with costs.

All concur.

Judgment affirmed.