JOHN C. MAHR et al., Respondents, *v.* THE NORWICH UNION FIRE INSURANCE SOCIETY, Impleaded, etc., Appellant.

Where there are conflicting claimants to the same obligation, each claiming it as exclusively his own, all should be made parties before the question of title is determined by a court of equity in favor of either against the one from whom the obligation is due. (Code Civ. Pro. § 452.)

It is not enough for the court to direct that a claimant be brought in; it should refuse to proceed to a determination of the controversy so as to affect his rights until this requirement is obeyed.

Not only all persons whose rights may be affected by the judgment should be brought in, but anyone whose presence is essential to protect a party. The burden is upon plaintiff to secure the presence of all such persons, and it is his misfortune if he is unable to do so.

A court of equity should not restrain a party from doing an act, unless it has power to protect him from being compelled by another court of competent jurisdiction to do the act thus prohibited.

In an action to restrain an insurance company from paying the amount of a loss to the assured or his assignee, plaintiff claiming to be an equitable assignee, it appeared that the policy was issued to B., in Iowa, on property in that state. B. sent it by mail to the plaintiffs in New York as collateral security for a loan. The policy was payable to B. only and was not formally assigned to plaintiffs. The property was destroyed by fire, and thereafter B. assigned the policy absolutely to one K., a resident of Iowa. He was not made a party. The company answered, alleging that K. was a necessary party, and obtained an order requiring him to be made a party defendant. A supplemental summons and complaint were issued and served on K. in Iowa pursuant to an order of publication, based upon an affidavit alleging that K. claimed to have an interest in the policy in question. No service was made on K. in this state and he did not appear in the action; he had, meanwhile,

Statement of case.

commenced an action in Iowa against the company upon the policy, and in its answer to the supplemental complaint it pleaded the pendency of the Iowa action; alleged that K. was a necessary party and that he had been ordered to be brought in, and demanded that the complaint be dismissed unless K. should be brought in so as to be bound by any judgment therein. A judgment was rendered in favor of plaintiffs restraining the company from paying any money under the policy to B. or K. *Held,* error; that K. was a necessary party, and the court not having acquired jurisdiction over him, could not render a judgment affecting his rights, and should not have proceeded to judgment against the company without first acquiring such jurisdiction.

*Mahr* v. *Bartlett* (53 Hun, 388), reversed.

(Argued June 10, 1891; decided October 6, 1891.)

APPEAL from judgment of the General Term of the Supreme Court in the first judicial department, entered upon an order made July 9, 1889, which affirmed a judgment in favor of plaintiffs, entered upon the decision of the court on trial at Special Term.

This was an action by the plaintiffs, claiming to be the equitable owners of a policy of fire insurance, to restrain the insurer from paying the amount of a loss to the insured or to his alleged assignee.

On the 21st of April, 1886, the Norwich Union Fire Insurance Society, a corporation organized under the laws of Great Britain, with agencies in New York, Iowa and other states, issued the policy in question to one Bartlett on his stock of goods at Muscatine, Iowa. The policy was countersigned by the agent of the company at that place. Three days later Bartlett, who resided at Muscatine, sent the policy by mail to the plaintiffs, who resided in the city of New York, as collateral security to a loan of $2,000 concurrently made to him by them. The policy, as written, was payable to Bartlett only and it was never assigned to the plaintiffs. July 3, 1886, the property insured was destroyed by fire, and on the sixteenth of August following Bartlett made an absolute assignment of the policy to one Kelly of Muscatine aforesaid.

This action was commenced against the insurance company and Bartlett by the due service of process in this state upon

the former, August 12, 1886, and on the latter about one month later. The company answered, alleging, among other defenses, a defect of parties defendant, in that said Kelly, although a necessary party to the action, had not been joined. March 12, 1887, Kelly commenced an action at law in a court of the state of Iowa to recover from the insurance company the sum of $2,000, the amount of the policy, with interest from July 3, 1886. March 15, 1887, on motion of the company, an order was made by the Supreme Court of this state in this action requiring said Kelly to be made a defendant therein, and that he be brought into court by a supplemental summons. A supplemental summons and complaint were issued accordingly, and the same were served on Kelly in the state of Iowa pursuant to an order of publication based upon an affidavit alleging that "the defendant S. G. Kelly claims to have property in the state of New York, to wit, an interest in the insurance policy" in question. No service was made upon Kelly within this state, and he did not appear in the action. The insurance company, by its answer to the supplemental complaint, pleaded the pendency of the action in the Iowa court; that Kelly was a necessary party and that the Supreme Court had by its order directed that he be brought in as a party defendant, and demanded judgment that the complaint be dismissed "unless said S. G. Kelly be brought in so as to be bound by any judgment herein."

These facts appeared upon the trial of this action, where Kelly's default was noted, and were in substance found by the trial judge, who also found that Kelly had no interest in the policy "superior to that of the plaintiffs;  *  *  *  and that the alleged assignment  *  *  *  by the defendant Bartlett to said S. G. Kelly, of the date August 16, 1886,  *  *  * was void, and in no wise affected the prior interest obtained by the plaintiffs in said policy on or about the 24th day of April, 1886."

Judgment was directed restraining the insurance company from paying any money under said policy to Bartlett or Kelly, and although there was neither allegation nor evidence of any

proof of loss as required by the terms of the policy, the
defendant company was ordered "to pay to the plaintiffs such
moneys as shall be found to be payable under and by virtue
of " said policy of insurance.

*William Allen Butler* for appellant.    The defendant insur-
ance company is entitled to be protected by a valid judgment
from paying the loss under its policy to both plaintiffs and
Kelly.    (*Griffey* v. *N. Y. C. Ins. Co.*, 100 N. Y. 417.)    The
plaintiffs could not at any time resort to the collateral security
afforded by the policy by a sale.    It was a chose in action and
unmarketable, and the sole right of the plaintiffs was to be
protected as to their interests as pledgees.    ( *Wheeler* v. *New-
bould*, 16 N. Y. 392, 397; 100 id. 422.)    Kelly was a neces-
sary party.    This action was simply to try the title in equity
of the plaintiffs to the policy as a chose in action.    Where the
title to a chose in action is involved and is sought to be estab-
lished by a suit in equity, all parties claiming an interest in the
property must be joined.    (*Hamilton Bank* v. *Halsted*, 9 N.
Y. Supp. 852, 855; Story's Eq. Pl. § 72; *Mumford* v.
*Sprague*, 11 Paige, 438; *Gray* v. *Schenck*, 4 N. Y. 460;
*Osterhoudt* v. *Supervisors*, 98 id. 239; *Marshall* v. *Beverly*,
5 Wheat. 313; *Galusha* v. *F. C. N. Bank*, 1 Hun, 573;
*Shaver* v. *Brainard*, 29 Barb. 25; *In re Forster*, 49 Hun,
114; *N. I. R. R. Co.* v. *M. C. R. R. Co.*, 15 How. Pr. 233,
246; *Smith* v. *Crissey*, 13 Abb. [N. C.] 149; *Shields* v. *Bar-
row*, 17 How. Pr. 130; *Mallow* v. *Hinde*, 12 Wheat. 198;
*Derham* v. *Lee*, 87 N. Y. 599; *Turner* v. *Conant*, 18 Abb.
[N. C.] 160; *Jordan* v. *Poillon*, 77 N. Y. 518; *Abbott*
v. *James*, 111 id. 676; *Fleming* v. *Burnham*, 100 id. 1.)
Kelly being thus a necessary party to a complete determina-
tion of the controversy it was necessary that he be brought
into the action.    (Code Civ. Pro. § 452; *Grey* v. *Schenck*, 4
N. Y. 460; *Glausha* v. *F. C. Bank*, 1 Hun, 573; *Shields* v.
*Barrow*, 17 How. Pr. 130.)    A debt or chose in action has
the *situs* of the residence of its owner.    (*Bates* v. *N. O. J. &
G. N. R. R. Co.*, 4 Abb. Pr. 73, 83, 84; *Willet* v. *E. Ins. Co.*,

10 id. 193; *H. N. Bank* v. *King*, 10 Abb. [N. C.] 346; *O'Neil* v. *Nagle*, 19 id. 399; *Kirtland* v. *Hotchkiss*, 100 U. S. 498; *Lord* v. *Arnold*, 18 Barb. 105.) The fact that the insurance company which is the debtor in Iowa has an agency in New York did not confer jurisdiction upon the court to determine the ownership of a debt claimed to be due by the insurance company to a resident of Iowa. (*Straus* v. *Glycerine Co.*, 46 Hun, 216; *Plympton* v. *Bigelow*, 93 N. Y. 592; *Larkin* v. *Wilson*, 106 Mass. 120; *Tingley* v. *Bateman*, 10 id. 343, 346; *Gold* v. *H. R. R. Co.*, 1 Gray, 424; *Nye* v. *Liscombe*, 21 Pick. 263; *Danforth* v. *Penny*, 3 Met. 564; *Smith* v. *M. L. Ins. Co.*, 14 Allen, 336.) The courts of this state have no jurisdiction to determine the title to a chose in action existing in favor of a non-resident, and which arose in another state, merely because the paper which evidences the debt or chose in action happens to be here. (*Bryan* v. *U. P. Co.*, 112 N. Y. 382; *Buchanan* v. *Hart*, 98 id. 560.) The action is substantially an attempt by plaintiffs to collect their debt from Bartlett by attempting to attach the proceeds of a policy due to Kelly, a non-resident, from a foreign insurance company. The court would have no jurisdiction of the subject-matter of such an attachment proceeding, although the insurance policy is here. (*Tams* v. *Way*, 13 Penn. 223; *Bates* v. *N. O. J. & G. R. R. Co.*, 4 Abb. Pr. 73; *Moore* v. *Gennett*, 2 Tenn. Ch. 375.) The Supreme Court has no jurisdiction of the subject-matter of an action to restrain a citizen of Iowa from suing on a contract made there, and concerning property there, unless he appears and assents to the jurisdiction. (*C. I. Co.* v. *Maclaren*, 5 H. L. Cas. 441; *In re Boyse*, L. R. [15 Ch. Div.] 591; *Love* v. *Baker*, 67 Nelson, 103; *Brown* v. *Roberts*, 19 Wkly. Rep. 115; 5 Ir. Eq. 540; *M'Kim* v. *Voorhees*, 7 Cranch, 279; *Diggs* v. *Wolcott*, 4 id. 179; *Bicknell* v. *Field*, 8 Paige, 440.) The objection to the jurisdiction was well taken at the trial, and in the requests submitted for findings of fact and conclusions of law. (*Hewitt* v. *Northrop*, 75 N. Y. 506; *Hovey* v. *Donald*, 13 J. & S. 606.) The point that the court had no jurisdiction of the subject-matter of the

action may be raised for the first time on appeal, though no exception was taken. (*Munger* v. *Shannon*, 61 N. Y. 252, 260, 261; *Fiester* v. *Shepard*, 92 id. 251; *Bors* v. *Preston*, 111 U. S. 255, 263; *Burk* v. *Ayres*, 19 Hun, 24; *Jones* v. *N. & N. Y. T. Co.*, 50 Barb. 194, 208.)    If it appears that the court below had no jurisdiction of the subject-matter of the action, the appellate court will reverse the judgment on its own motion, as consent or omitting to object on this ground will not confer jurisdiction. (*Robinson* v. *O. S. N. Co.*, 112 N. Y. 315, 316, 324; *Davidsburgh* v. *K. L. I. Co.*, 90 id. 526; *McMahon* v. *Rauhr*, 47 id. 67, 72; *Dudley* v. *Mahew*, 3 id. 9, 12; *Callahan* v. *Mayor*, 66 id. 657; *Cameron* v. *Hodges*, 127 U. S. 322; *Johnson* v. *Christian*, 125 id. 642; *Everhart* v. *Huntsville*, 120 id. 223; *Continental Ins. Co.* v. *Rhoads*, 119 id. 237; *Peper* v. *Fordyce*, Id. 469.)    The judgment being for a cause of action not stated in the pleadings, and the finding and conclusion of law on which it is based being duly excepted to, should be reversed. (*Romeyn* v. *Sickles*, 108 N. Y. 562; *Truesdell* v. *Sarles*, 104 id. 167; *Southwick* v. *F. N. Bank*, 84 id. 420.)    When a complaint is framed solely for equitable relief (as in this case), a recovery on what is substantially a legal cause of action cannot be sustained. (*Bockes* v. *Lansing*, 74 N. Y. 442; *Bradley* v. *Aldrich*, 40 id. 504; *Wilkinson* v. *F. N. Ins. Co.*, 72 id. 499.)

*David Welch* for respondents.    The defendant Bartlett had the legal right to transfer the policy, and the plaintiffs could hold the same under the transfer without contravening the conditions of the policy, or invalidating the interest of the assured therein. (*Hitchcock* v. *N. W. Ins. Co.*, 26 N. Y. 68; *Griffey* v. *N. Y. C. Ins. Co.*, 100 id. 417; *Darrow* v. *F. F. Society*, 116 id. 544; *Shearman* v. *N. Ins. Co.*, 2 Sweeny, 420; *Fernandez* v. *G. W. Ins. Co.*, 3 Robt. 458; 17 N. Y. 615; 2 Hall. 372; 2 Duer, §§ 40, 64, 65, 66; *Ellis* v. *Kreutzman*, 27 Mo. 311; 1 Phillips on Ins. § 879; Wood on Ins. § 339; *Lazarus* v. *C. Ins. Co.*, 5 Pick. 80; Arnold on Ins. 1249; *Smith* v. *S. C. M. Ins. Co.*, 1 Hill, 508; *Ferree* v. *O. F. & L. Ins. Co.*, 67 Penn. 373.)

The following cases apply the equitable right in the plaintiffs to the interest in the policy, by reason of an oral understanding made prior to a loss by and between the parties. (*Greene* v. *R. F. Ins. Co.*, 84 N. Y. 572; *Hooker* v. *E. Bank*, 30 id. 83; *Bedell* v. *Carll*, 33 id. 581; *Doremus* v. *Williams*, 4 Hun, 458; *Mack* v. *Mack*, 3 id. 323; *Griffey* v. *N. Y. C. Ins. Co.*, 100 N. Y. 417.) A policy of insurance taken out by warehouse keepers or consignees against loss or damage by fire on merchandise their own, or held by them in trust, or in which they have an interest or liability, etc., covers the merchandise itself, and not merely the interest or claim of the consignee. If the merchandise be destroyed by fire, the assured may recover its entire value as trustee for the owner. (*H. Ins. Co.* v. *B. W. Co.*, 93 U. S. 527; *Richmond* v. *N. F. Ins. Co.*, 79 N. Y. 235.) The defendant is precluded from claiming the non-jurisdiction of the Supreme Court over the person of the defendant Kelly. (*Hewitt* v. *Northrup*, 75 N. Y. 506; *Hovey* v. *Donald*, 13 J. & S. 606.) The defendants have erred in not pleading non-jurisdiction. Nothing is said in either of their answers as to it. The proper mode of raising the question is by answer. (*Wertheimer* v. *Page*, 10 Wkly. Dig. 26; *Moore* v. *Wayne*, 55 Mich. 84; *Pennoyer* v. *Neff*, 95 U. S. 714.) The court, at trial term, made no error in the judgment rendered. (*Hiem* v. *Mills*, 13 Ves. 119; 1 Hoff. Ch. 49, 50; Code Civ. Pro. § 1207; *Stevens* v. *Mayor, etc.*, 84 N. Y. 296.) The testimony shows that the policy was not assigned, but hypothecated to plaintiffs for a loan, and the decisions show, as we maintain, that that does not avoid the policy, neither does the failure of Bartlett to state his interest in the property insured. (*Richmond* v. *N. Ins. Co.*, 79 N. Y. 235.)

Vann, J. Upon the argument of this appeal the learned counsel for the plaintiff, with great fairness, admitted that the Supreme Court never acquired jurisdiction over Kelly, the alleged assignee of the insurance policy that is the subject of this action. The main question left for decision is whether

Kelly was a necessary party, as the defendant company alleged
in its answers and urged upon the trial.   It is not claimed that
he should have been joined as a plaintiff, but his presence as a
defendant is insisted upon as essential to " the complete deter-
mination or settlement" of the questions involved.   The Code
of Civil Procedure provides that "the court may determine
the controversy, as between the parties before it, where it can
do so without prejudice to the rights of others, or by saving
their rights; but when a complete determination of the con-
troversy cannot be had without the presence of other parties,
the court must direct them to be brought in."   (Code Civ. Pro.
§ 452.)   While the statute does not in terms prohibit the court
from determining the controversy, unless all the necessary
parties are brought in, that is impliedly commanded and is the
established practice in all equitable actions.     (*Peyser* v. *Wendt*,
87 N. Y. 322; *Sherman* v. *Parish*, 53 id. 483; *Webster* v.
*Bond*, 9 Hun, 437; *Shaver* v. *Brainard*, 29 Barb. 25; *Sturte-
vant* v. *Caldwell*, 4 Bosw. 628; *Van Epps* v. *Van Deusen*, 4
Paige, 64.)

It is not enough for the court to direct that the necessary
parties be brought in, but it should refuse to proceed to a
determination of the controversy, so as to affect their rights
until they are in fact brought in.   (*Peyser* v. *Wendt, supra;
Sherman* v. *Parish, supra; Powell* v. *Finch*, 5 Duer, 666.)

The plaintiffs did not appeal from the order of the court
requiring Kelly to be brought in and as long as it remained in
force it was an adjudication, establishing as the practice, if not
the law, of the case that Kelly was a necessary party.   (*Riggs*
v. *Pursell*, 74 N. Y. 370.)

Moreover, the object of this action was to establish the
equitable title of the plaintiffs to the policy and to prevent the
company from paying the proceeds to anyone except themselves.
The proceeds, however, were also claimed by Kelly, who not only
held the legal title to the policy, but had actually commenced
an action upon it against the company in another state.
Clearly, the company should not be required to pay the entire
amount of the policy both to the plaintiffs and to Kelly, or,

without fault on its part, to be placed in a position where it would run any reasonable risk of being compelled to make a double payment. But, how is such a result to be prevented when an action at law, brought by the legal owner to compel the company to pay the amount of the policy to him, is pending in one state, and an action in equity by the equitable owner to prevent such payment, is pending in another state, unless all interested persons are parties to the latter? Could the court of equity safely proceed to judgment against the company, unless the legal owner was before it as a party? If it should enjoin the company from making payment to anyone except the equitable owner, it could not prevent the legal owner from prosecuting his action to collection in the other jurisdiction. It could not enjoin a person over whom it had no jurisdiction, nor make any decree affecting his rights.

The general rule in equity requires that all persons interested in the subject of the action should be made parties, in order to prevent a multiplicity of suits and secure a final determination of their rights. (*Osterhoudt* v. *Supervisors*, 98 N. Y. 239; *Derham* v. *Lee*, 87 id. 599.)

There is an essential difference between the practice at law and in equity in determining who are proper and necessary parties. Story, in his work on Equity Pleadings (§ 72), says that two general principles control courts of equity in this respect: 1. That the rights of no man shall be finally decided unless he himself is present, or at least has had a full opportunity to appear and vindicate his rights; 2. That when a decision is made upon any particular subject-matter, the rights of all persons whose interests are immediately connected with that decision and affected by it, shall be provided for as far as they reasonably may be. The learned author adds: " It is the constant aim of courts of equity to do complete justice by deciding upon and settling the rights of all persons interested in the subject-matter of the suit, so that the performance of the decree of the court may be perfectly safe to those who are compelled to obey it, and also, that future litigation may be prevented." As Lord HARDWICKE once said, all persons ought

to be made parties who are necessary to make the determination complete and to quiet the question. (*Poore* v. *Clark*, 2 Atk. 515.) Not only all persons whose rights may be affected by the judgment should be brought into court, but all whose presence is essential to the protection of any party to the action. (*Gray* v. *Schenck*, 4 N. Y. 460; *Russell* v. *Clark*, 7 Cranch, 69, 98; *Picquet* v. *Swan*, 5 Mason, 561; *Fell* v. *Brown*, 2 Brown's Ch. 218.)

The burden is on the plaintiff to secure the presence of all such persons, and it is his misfortune if he is unable to do so.

When there are conflicting claimants to the same obligation, each insisting upon it as exclusively his own, all should be made parties before the question of title is determined by a court of equity in favor of either against the one from whom the obligation is due. Otherwise payment or performance may be exacted as many times as there are separate claimants. It follows that the title to a chose in action, such as the policy in question, cannot be settled unless all those who claim any interest therein, whether legal or equitable, are joined as parties, plaintiff or defendant. As it is conceded that Kelly, although nominally, is not really a party to the action, he has not had his day in court and the decree in favor of the plaintiff, being void as to him on that account, is powerless to affect his rights or to afford protection to the defendant company in obeying its command. The absence of jurisdiction over a party is the absence of power to render judgment against that party. While the court assumed to pronounce judgment against Kelly and to restrain him from receiving the money due upon the policy and from suing for its recovery, its action in that regard was *coram non judice* and void as to him. It could not exercise judicial power over one who was not subject to its jurisdiction, nor compel him to obey a decree that was rendered without due process of law. While its command to the company not to pay Kelly could be enforced by punishment for disobedience, its command to Kelly not to sue the company could not be enforced by punishment or otherwise, because it was made without authority. Hence Kelly could compel the

company to do what the judgment prohibited it from doing. Aside from the question of power to proceed without jurisdiction over Kelly, such a judgment is unreasonable and hence inequitable. A court of equity should not restrain a party from doing an act, when it has no power to protect that party from being compelled by another court of competent jurisdiction to do the act thus prohibited. A forcible illustration of this appears in a case recently reported, which lacks no element of complete analogy, as it was the judgment of the court of last resort in Iowa in the action brought by Kelly against the defendant company and set forth in its answer in this action. (*Kelly* v. *Norwich Union Fire Ins. Co.*, 47 N. W. Rep. 986 ; 79 Iowa R. 452.)

While the judgment in that case is not before us as evidence, the reported decision therein is just as valuable to illustrate what might reasonably be expected to take place, as if it were officially known to us as a record of what had taken place. That learned court, in affirming a recovery by Kelly upon the policy in question for its whole amount, said : " The record of the New York court was rightly rejected for the reason that, as against Kelly, the party claiming in this case to hold the policy and all rights under it, the decree and proceeding are void for the reason that he was not served with process subjecting him to the jurisdiction of the New York court. Kelly was served with process in this state and did not appear in the case. The New York court failed to acquire jurisdiction of his person by service of process in this state. The judgment, therefore, as to him is void."

We regard the case cited as a practical demonstration that Kelly is a necessary party to this action and that a court of equity should not have proceeded to judgment against the company without first acquiring jurisdiction over him. If this were an action at law brought by the plaintiffs to recover upon the policy, a different question would be presented, involving a conflict between the courts of New York and Iowa. As it is an action in equity, however, it is not necessary for us to now consider that subject.

Having in view our form of government, the comity due from the courts of one state to those of another and the necessity for freedom of commercial transactions between citizens of different states, such questions should not be hastily entertained, but should be avoided when the rights of parties can be satisfactorily determined upon other grounds. (Story on Conflict of Laws, § 9.)

We think that further argument is not required to show that Kelly was a necessary party to this action and that the trial court erred in rendering the judgment appealed from without first acquiring jurisdiction over him.

The judgment should, therefore, be reversed and a new trial granted, with costs to abide event.

All concur.

Judgment reversed.