## COLLINS MANUF'G CO. v. FERGUSON & HUTTER'S TRUSTEE et al.[1]

#### (Circuit Court, W. D. Virginia. March 18, 1893.)

**CIRCUIT COURTS—EQUITY JURISDICTION—ABSENCE OF PROPER PARTIES.**
A circuit court cannot make a decree affecting absent parties to a suit, or a decree which so involves the rights of such absentees that complete and final judgment cannot be had between the parties present without affecting those rights, although equity rule 47 and Rev. St. § 737, give the court discretion to proceed in the absence of proper parties when an effective judgment can be rendered as to the parties present without prejudice to the rights of the absentees. Bank v. Carrollton Railroad, 11 Wall. 624, and Hagan v. Walker, 14 How. 29, followed.

In Equity. Suit by the Collins Manufacturing Company against Ferguson & Hutter's Trustee and others to annul a deed of trust. The defendant A. H. Burroughs, trustee for said Ferguson & Hutter, demurs to the bill. Demurrer sustained and bill dismissed.

Volney E. Howard, for complainant.
A. H. Burroughs and John H. Lewis, for defendants.

PAUL, District Judge. This is a suit brought to set aside and annul a deed of trust executed by Ferguson & Hutter to A. H. Burroughs, trustee, on the 15th of January, 1892. The deed was executed to secure a large number of creditors, mentioned therein, residing in different states. The bill makes the grantors in the deed, Ferguson & Hutter, the trustee, Burroughs, and all the creditors named in the deed, parties defendant. The defendant Burroughs, trustee, files a demurrer to the bill on the following grounds:

"First. That the said bill does not show on its face the residence of the following parties, all of whom are named as defendants thereto, to wit, L. & M. Woodhull, and a number of others."

The complainant asks leave, which could be granted, to file an amended bill, giving, where these are omitted, the residences of the parties. So the demurrer on this ground could not be sustained.

"Secondly. That 'the said bill joins defendants of different jurisdictions and of the following states, respectively: Ohio, Indiana, Maryland, Illinois, New Jersey, Pennsylvania, Wisconsin, Massachusetts, and Virginia. From the nature of the subject and the relief sought by the bill the suit cannot be tried when only a portion of the parties thereto have been served with process, the others not volunteering to appear.'"

Rule 47 of the rules of practice in equity is as follows:

"In all cases where it shall appear to the court that the persons who might otherwise be deemed necessary or proper parties to the suit cannot be made parties by reason of their being out of the jurisdiction of the court, or incapable otherwise of being made parties, or because their joinder would oust the jurisdiction as to the parties before the court, the court may, in their discretion, proceed in the cause without making such persons parties; and in such cases the decree should be without prejudice to the rights of the absent parties."

[1] Reported by Col. William D. Coleman, of the Danville, Va., bar.

Section 737 of the Revised Statutes of the United States says:

"Where there are several defendants in any suit at law or in equity, and one or more of them are neither inhabitants of nor found within the district within which the suit is brought, and do not voluntarily appear, the court may entertain jurisdiction, and proceed to the trial and adjudication of the suit between the parties that are properly before it; but the judgment or decree rendered therein shall not conclude or prejudice other parties not regularly served with process nor voluntarily appearing to answer. * * * "

The rule and statute cited comprise the only guide of law in considering the case before the court. There is no other rule of practice or provision of law prescribed. The demurrer alleges that complainant's bill "joins defendants of different jurisdictions," and contends that "from the nature of the subject and the relief sough by the bill the suit cannot be tried when only a portion of the parties thereto have been served with process, the others not volunteerin' to appear." Complainant alleges, among other things, in his bill the very serious charge of collusion and fraud against the Davi. Carriage Company, of Cincinnati, Ohio, a preferred creditor for a large amount under the deed of trust, and one of the parties to the suit who have not been served with process, and have not volunteered to appear; and under the statute cited any judgment or decree which might be rendered in this suit shall not be conclusiv or prejudice the said party named, who has not been served with process, and has not voluntarily appeared. The rights of the large number of other defendants named in the bill, who have not been served with process, and have not voluntarily appeared, are also involved in the deed of trust which is sought to be set aside and annulled, and therefore a decree, if rendered in this suit, would practically be of no effect, and valueless. "It is doubtless the general rule that a bill in chancery will not be dismissed for want of proper parties, but the rule is not universally true. It rests upon the supposition that the fault may be remedied, and the necessary parties supplied. When this is impossible, and whenever a decree cannot be made without prejudice to one not a party, the bill must be dismissed." Bank v. Carrollton Railroad, 11 Wall. 624. "It remains true, notwithstanding the act of congress and the forty-seventh rule, that a circuit court can make no decree affecting the rights of an absent person, and can make no decree between the parties before it which so far involves or depends upon the rights of an absent person that complete and final justice cannot be done between the parties to the suit without affecting those rights." Hagan v. Walker, 14 How. 29. These authorities are decisive of the question before the court.

The demurrer must be sustained, and the bill dismissed.