H. A. SEARLES, Administrator of the Estate of HARRY
   C. NUTTER, Deceased, v. THE NORTHWESTERN
   MUTUAL LIFE INSURANCE COMPANY OF MILWAUKEE,
   Appellant.

**Parties:** WHEN NECESSARY IN EQUITABLE ACTION. The rule requiring
all parties whose interests are involved in the litigation to be
brought in applies in equitable actions only where the plaintiff is
seeking relief to which he is not entitled, unless the decree can
be made binding upon all those necessarily affected thereby.

**Forms of actions:** DISTINCTION: ABATEMENT. While the distinction
between forms of actions has been abolished by the code, the dis-
tinction between actions at law and suits in equity still remains;
and the abatement of an action at law for want of proper par-
ties will be determined by the rules applicable to ordinary pro-
ceedings.

**Parties:** NONJOINDER: REMEDY. The remedy for failure to bring in
necessary parties is not by a pleading in abatement of the action,
but by motion asking the court to order such parties to be brought
in.

**Same.** Even if a plea in abatement for defect of parties were proper
it would be necessary to show that the parties not joined were
subject to process.

**Same.** That a defendant may be subjected to a suit on an incon-
sistent claim in another jurisdiction is not a defense to an action
in a jurisdiction in which he is properly sued.

**Failure to bring in necessary parties:** EXCUSE. The rule that all
persons having an interest in the suit should be made parties is
not inflexible. Thus even in equity cases impossibility of bring-
ing in necessary parties is an excuse for not doing so.

**Insurance:** ACTION UPON POLICY: ABATEMENT: ANOTHER ACTION PEND-
ING. In this action upon an insurance policy by the administrator
the defendant admitted liability but pleaded another action pend-
ing in a foreign jurisdiction by an assignee of the policy, and
it is held that the administrator was not required to make such
assignee a party to his action and that the pendency of the as-
signee's suit was immaterial to plaintiff's right of recovery.

**Same: ASSIGNMENT OF POLICY: MENTAL INCAPACITY.** One whose mind is permanently impaired from an excessive use of intoxicating liquors, so that he is irresponsible and unable to rationally transact business, is not bound by an assignment of his insurance policy, made while thus incapacitated, even though at the precise time of the assignment he was not intoxicated, or did not manifest any aberration.

**Same: EVIDENCE.** Evidence that plaintiff's decedent was incapable of transacting business at and before the assignment of the policy in suit was not incompetent as invading the province of the jury.

**Same: INSTRUCTIONS.** Where an issue of mental incompetency is so submitted that the jury could not have misunderstood the law applicable thereto, the judgment will not be reversed on account of general statements in the instructions which might, under other circumstances, have been prejudicially erroneous.

*Appeal from Polk District Court.*—HON. HUGH BRENNAN, Judge.

THURSDAY, JUNE 16, 1910.

ACTION to recover on a policy of life insurance. The issue raised by the defendant was as to the ownership of the policy at the time of the death of the insured. There was a verdict for the plaintiff, and from judgment thereon the defendant appeals.—*Affirmed.*

*Guernsey, Parker & Miller,* for appellant.

*Bowen, Bremner & Alberson,* for appellee.

McCLAIN, J.—In March, 1887, the defendant issued to Harry C. Nutter, plaintiff's intestate, a policy of life insurance in the sum of $1,000, payable to his legal representatives. In September, 1906, said Nutter died at Kansas City, Mo., to which place he had removed in March preceding from Des Moines, where he resided at the time of the issuance of the policy and thereafter until

such removal. Soon after removing to Kansas City, Nutter negotiated a sale of this policy to C. E. Shepard & Co., incorporated, of Hartford, Conn., receiving in consideration therefor the sum of $410, and executing a formal assignment. The business of Shepard & Co. was to deal in policies of insurance. The defendant admitted liability under the policy in this action brought thereon by plaintiff, as Nutter's administrator, but averred the assignment to Shepard & Co., and the institution by that company of a suit on the policy in a court of Connecticut, which suit was still pending, and that it had requested plaintiff to appear in said suit and interpose any claim that he might have as administrator to the proceeds of such policy, which request the plaintiff declined to comply with. And defendant further alleged that there was a defect of parties in this case on account of the failure to make Shepard & Co. a party thereto, which defect rendered further proceedings in this case illegal. The plaintiff replied, alleging that the assignment was made in Missouri, and was void under the laws of that state, because the assignee had no insurable interest in the life of the insured, and also that at the time of the execution of the said assignment said Nutter was of unsound mind, and in such state of mental derangement as to be unable to understand the nature of said transaction or the effect thereof. The court overruled defendant's motion to strike from plaintiff's reply the allegations as to the invalidity of the assignment under the laws of Missouri, but on final submission of the case to the jury did not leave to them any issue of fact to be determined under those allegations of the reply, and the sufficiency of such allegations need not now be considered. We have for determination on this appeal therefore substantially two questions: First, should the plaintiff have been denied relief on account of the failure to make Shepard & Co. a party defendant in the case; and, second, was the issue as to Nutter's mental

incapacity at the time of the assignment of the policy supported by sufficient evidence to justify its submission to the jury, and was this issue submitted without substantial error?

I. The question as to whether the action could be maintained by plaintiff, conceding that a formal assignment of the policy to Shepard & Co. had actually been made before Nutter's death, without making such assignee a party to the action, was raised by allegations in the answer which amounted practically to a plea in abatement, and the contention for appellant in this respect is that after it was alleged and in effect conceded that an assignment valid in form and effective, if Nutter had sufficient mental capacity to make it, had been made, plaintiff could not proceed in the action until Shepard & Co. had been brought in, so that the judgment would be binding upon such assignee. As Shepard & Co. was a nonresident of this state, it is apparent that the plaintiff could not make such assignee a party, and the practical result of appellant's contention would be that a suit in this state could not be maintained by plaintiff on the policy, even though plaintiff was able to show to the satisfaction of the jury that the assignment was invalid on account of Nutter's want of capacity to execute it, and that plaintiff's only effective method of procedure would be to intervene in the action alleged to have been brought by Shepard & Co. in Connecticut. This proposition of law is, we think, unsound, for reasons which may be very briefly pointed out.

This is an action at law, and as between plaintiff and defendant is properly brought in this state. No action is pending elsewhere to which plaintiff is a party that can be pleaded in abatement of the present action, for plaintiff has not subjected his right of action to adjudication in any other court. The rule as to necessary parties, requiring that

1. Parties: when necessary in equitable action.

all parties whose interests are involved in the matters to be adjudicated must be brought in, has application only in proceedings in equity where the plaintiff is asking some relief to which he is not entitled, unless he can make the decree binding on those who are to be necessarily affected by it. The cases relied upon for appellant are all of that character. See *Miller v. Mahaffy,* 45 Iowa, 289; *Mahr v. Norwich U. F. Ins. Co.,* 127 N. Y. 452 (28 N. E. 391); *Disbrow v. Creamery Pkg. Mfg. Co.,* 104 Minn. 17 (115 N. W. 751); *Donovan v. Campion,* 85 Fed. 71. (29 C. C. A. 30); *Jessup v Illinois Cen. R. Co.* (C. C.) 36 Fed. 735; *Blanchard v. Biglow,* (C. C.) 109 Fed. 275; *Collins Mfg. Co. v. Ferguson* (C. C.) 54 Fed. 721.

While it is true that in this state distinctions between forms of action are abolished, the distinction between "actions at law" and "suits in equity," remains, and we think that the question as to when an action at law is to be abated for want of proper parties must be determined by the rules applicable to the ordinary proceedings.

2. FORMS OF ACTIONS: distinction: abatement.

It is provided, in Code, section 3466, as follows: "The court may determine any controversy between parties before it when it can be done without prejudice to the rights of others, or by saving their rights; but when the determination of the controversy between the parties before the court can not be made without the presence of other parties, it must order them to be brought in." It is apparent from this section that the remedy for failure to bring in necessary parties is not by pleading by way of abatement, but by motion asking the court to order such parties to be brought in. *Stroup v. Bridger,* 124 Iowa, 401 (100 N. W. 113). It is sufficient answer to appellant's contention that it did not ask to have Shepard & Co. made parties in order that it might be bound by the adjudication, but

3. PARTIES: nonjoinder: remedy.

interposed instead an anomalous answer by way of plea in abatement contesting plaintiff's right to have judgment against the defendant, because the determination of the issues involved a question in which Shepard & Co. might be interested.

Even if a plea of abatement for defect of parties were proper, it seems that is would be necessary to show that the parties not joined are subject to process. *Boseker v. Chamberlain,* 160 Ind. 114 (66 N. E. 448). Shepard & Co. is not here objecting to a rendition of a judgment against the defendant, nor questioning the right of plaintiff to sue on the policy. Plaintiff makes allegations, and supports them by proof, entitling him to recover a judgment against the defendant, and we are unable to see how in an action at law the right to have these issues determined can be affected by an allegation by defendant in the alleged interest of Shepard & Co. that a recovery from defendant would be prejudicial to such interest. The judgment will in no way bind Shepard & Co., nor deprive it of any right of action which it may have. It is not necessary that there be any saving of the rights of Shepard & Co., for its rights can be in no way affected by the judgment.

4. SAME.

But apart from any mere question of procedure, it is plain that plaintiff should not be put in a position of having to seek his relief in a foreign jurisdiction when he alleges a complete cause of action as against the defendant. No doubt there are cases even at law where a judgment can not be rendered on account of the absence of necessary parties without whom no judgment would be proper. *Decatur County v. Bright,* 57 Iowa, 724; *Fowler v. Doyle,* 16 Iowa, 534. But this case is not of that character, for plaintiff under his allegations is entitled to a judgment against the defendant alone. He asks no relief as against Shepard & Co., and the defendant inter-

poses no defense which can not be fully determined without entering a judgment that will bind that company.

The fact is that the inability to get plaintiff and Shepard & Co. into the same jurisdiction, so that a judgment may be rendered as to the validity of the assignment which will be binding on both of them, is not a misfortune of plaintiff, but of the defendant. Were it possible for defendant by proceedings of interpleader or otherwise to have a final adjudication in one action as to the validity of the assignment, it no doubt would do so, standing back ready to pay the amount due on the policy to whichever party was found to be entitled thereto. It would be protected fully by such judgment. But we are unable to see how defendant can saddle its misfortune upon the plaintiff. We find no authority for holding that, because a defendant may possibly be subjected to suit on an inconsistent claim in another jurisdiction, he can successfully resist payment in a jurisdiction in which he is properly asked to defend. The practical result of appellant's contention would be that it could not be successfully sued in any jurisdiction, unless plaintiff and Shepard & Co. should without any obligation to do so amicably agree that their claims should be submitted to the same court, a court which would be foreign to the one or other, or perhaps both of them.

5. SAME.

. Even in equity cases the impossibility of bringing in necessary parties is a reason for not doing so. In Hawes, Parties to Actions, section 19, we find the principle thus stated: "The rule that all persons having an interest in the suit should be made parties is not inflexible. It is a rule of convenience, adopted by courts of chancery to shorten litigation, to prevent doing business by halves, and may be dispensed with when impracticable or very inconvenient; as when such persons are very numerous, or are unknown, or are dead, and their representatives

6. FAILURE TO BRING IN NECESSARY PARTIES: excuse.

are unknown, or are insolvent, or beyond the jurisdiction of the court. . . . The rule being a rule of convenience, courts will not allow it to be so applied as to defeat the very purpose of justice, if they can dispose of the merits of the case before them without prejudice to the rights of other persons who are not parties, or if the circumstances of the case render the application of the rule impracticable." This principle is well illustrated by what is said in *Jessup v. Illinois Central R. Co.* (C. C.) 36 Fed. 735, a case relied upon for appellant.

The learning on the subject of parties to suits in chancery is copious, and within a limited extent the principles which govern their introduction are flexible. There is a class of persons having such relations to the matter in controversy, merely formal or otherwise, that while they may be called proper parties, the court will take no account of the omission to make them parties.

There is another class of persons whose relations to the suit are such that, if their interest and their absence are formally brought to the attention of the court, it will require them to be made parties, if within its jurisdiction, before deciding the case; but, if this can not be done, it will proceed to administer such relief as may be in its power, between the parties before it. But there is a third class whose interest in the subject matter of the suit and the relief sought are so bound up with that of the other parties that their legal presence as parties to the proceeding is an absolute necessity, without which the court can not proceed. In such cases the court refuses to entertain the suit when these parties can not be subjected to its jurisdiction.

It is evident that in the case before us Shepard & Co. would fall within the second of the classes of parties enumerated, for, while it is interested in the determination of the validity of the assignment, full relief as against the defendant may be granted without its presence. The con-

venience to defendant of having Shepard & Co. brought in for the purpose of having it bound by the adjudication might be a sufficient reason for requiring it to be brought in, if practicable. But the importance of doing so would clearly not be a reason for denying to plaintiff the relief against defendant to which plaintiff may show himself to be entitled. In the case of *Kelly v. Norwich F. Ins. Co.,* 82 Iowa, 137, it was contended, the action being upon a policy of fire insurance, that the plaintiff was not entitled to recover because a recovery against the defendant had already been had in a New York court by one claiming in the same interest, practically by assignment, and with reference to a direction by the trial court that the burden rested on the defendant to show that the policy was in fact assigned, this court said: "Counsel insist that the burden rested on the other party to show that it was not so assigned. The defendant as a defense pleaded the assignment. . . . Surely there is no presumption in law of the fact pleaded as a defense which changes the rule and casts the burden upon the other party." And the court further said: "A motion to make Mahr & Sons (the persons claiming to have the right of action by assignment) parties was rightly overruled. They were not interested in the event of the suit for the reason that a judgment in it would not affect them. The plaintiff was not required to make them or others who may claim an interest adverse to plaintiff parties to the suit. It will be remembered that this is an action at law to recover on a contract. The plaintiff shows as assignment of the contract to himself. He is not required to inquire if there are others who claim to hold an interest in the contract. Mahr & Sons could have under the statute intervened, but the plaintiff's action can not be defeated on the ground that they were not made parties to the suit."

The New York case in which the assignment involved

*Margin note beside paragraph:* 7. INSURANCE: action upon policy: abatement: another action pending.

in the case last cited was referred to appears to have been *Mahr v. Norwich Union F. Ins. Co.*, 127 N. Y. 452 (28 N. E. 391) in which the plaintiffs sued in equity claiming to be the owners of the policy of insurance, and asking that the defendant be restrained from paying the amount to the insured or his alleged assignee in Iowa. In that case the court held that plaintiff was not entitled to relief, because the insured or his alleged assignee in Iowa had not been made a party, and it sustained this ruling on the ground that the action was to establish the equitable title of the plaintiffs to the policy, and prevent the company from paying the proceeds to any one except themselves. It is admitted that there is an essential difference between the practice at law and in equity in determining who are proper and necessary parties even under New York practice, after which ours is in general modeled, and we have no doubt that, if the action in New York had been at law, the court would have adjudicated whatever controversy was presented as between the plaintiff and the insurance company, although it was advised that some inconsistent claim to the proceeds of the policy was made by the insured.

In *New York Life Ins. Co. v. Smith*, 67 Fed. 694 (14 C. C. A. 635), the court, discussing the question whether, in view of the allegation of the insurance company that the insured had assigned the policy, he was bound to make such assignee a party, very pertinently says that, if the company's position in this respect is sound, the same objection could be made to any action brought by the assignee, and that, while it might be necessary in equity that this be done, there is no such requirement in an action at law.

We reach the conclusion, therefore, that in this action it is wholly immaterial to an adjudication between the plaintiff and defendants that Shepard & Co. be made parties in order that as against said company the validity

of the assignment which defendant says was made to it should be adjudicated. So far as defendant is concerned, that question was adjudicated, and we see no reason for interfering with the judgment in this respect.

II.   The allegation of plaintiff as to Nutter's mental incapacity rendering the assignment of the policy by him invalid was that at the time of making such assignment he was of unsound mind, and in such a state of mental derangement as not to be able to understand the nature of said instrument or the effect thereof. The evidence for plaintiff tended to prove, not that Nutter was intoxicated at the time the assignment was made, but that his mental faculties had become so far impaired by the long existing habit of using intoxicating liquors to excess that he was irresponsible and unable to rationally transact business. Without setting out the evidence as it appears in the record, it is sufficient to say that there was an ample showing to sustain the finding of the jury that Nutter was not possessed of a mind capable of forming an intelligent judgment with reference to his actions. Cases cited for appellant in regard to intoxication as a ground for setting aside a contract or as to the effect of temporary aberrations due to intoxication or otherwise are not in point. If before this assignment was made Nutter's mind was permanently impaired to such an extent that he could not act rationally, then his contract of assignment was not binding upon him, and it is immaterial that at the precise time the act was done he was not intoxicated or did not manifest any aberration.

8. SAME: assignment of policy: mental incapacity.

It is contended, however, that there was error in allowing witnesses to testify for plaintiff that in their judgment Nutter was not capable of transacting business at and prior to the time when the assignment was made. It is said that such answers were incompetent as invading the province of

9. SAME: evidence.

the jury. But this question has been recently discussed in the cases of *Glass v. Glass,* 127 Lowa, 646, and *State v. McGruder,* 125 Iowa, 741. In view of what is said in these cases, it is unnecessary to further discuss *Betts v. Betts,* 113 Iowa, 111, and *Pelamourges v. Clark,* 9 Iowa, 1, relied upon for appellant. The answers were not open to the objection which is urged against them.

Counsel discuss at some length instructions given by the court with reference to the rules to be followed by the jury in determining whether Nutter was incapable of executing a valid assignment. We do 10. SAME: not find it necessary to enter into a de-instructions. tailed analysis of these instructions. They seem to fully present to the jury all the considerations which should properly be taken into account under the evidence in determining the question and properly leave it to the jury to say whether Nutter's mind had become affected by intemperate habits to such an extent that he was incapable of executing such assignment. In one of these instructions the jurors were told that "drunkenness itself is a species of insanity, and may invalidate a transaction or contract made while in a drunken condition." We think this statement to have been unfortunate, for two reasons: Drunkenness is not in itself necessarily a species of insanity, and there is no evidence that the assignment was made while Nutter was in a drunken condition. But in neither of these respects did the instruction apply to any question submitted to the jury for determination, and there is no intimation in the instructions that the statements which we have quoted had such application. We are satisfied that the question of Nutter's mental capacity at the time the assignment was made was so submitted to the jury that they could not have misunderstood the law applicable thereto, and we are not willing to reverse the judgment on account of general statements in the instruction which might under

other circumstances have been prejudicially erroneous. It was sufficient, as the court told the jury, to invalidate the assignment, if they found that when it was made he did not know what he was doing and understand the consequences of his act. *Nowlen v. Nowlen,* 122 Iowa, 541. And see *Merchants' Nat. Bank v. Soesbe,* 138 Iowa, 354; *Elwood v. O'Brien,* 105 Iowa, 239.

The preceding discussion renders it unnecessary to consider some questions presented in argument.

On the whole record we are satisfied that no prejudicial error was committed, and the judgment of the trial court is *affirmed.*