BRADY and DANIELS, JJ., concurred.

Judgment affirmed.

---

RICHARD J. MORRISSON, PUBLIC ADMINISTRATOR OF THE GOODS, CHATTELS AND CREDITS OF JOSEPH E. MILLER, DECEASED, APPELLANT, *v.* THE MUTUAL LIFE INSURANCE COMPANY OF THE CITY OF NEW YORK, RESPONDENT.

*Insurance policy issued to a resident of another State — the public administrator of the city of New York cannot enforce it.*

A public administrator in the city of New York cannot enforce the payment of a policy of insurance, issued to a resident of the State of Maine, where the policy has never been within the State of New York, although issued by a company incorporated under the laws of, and whose principal office was and is within, the State of New York.

*Holyoke* v. *Mutual Insurance Company* (22 Hun, 75; affirmed in 84 N. Y., 648) cited.

APPEAL by the plaintiff from a judgment, entered in the office of the clerk of the county of New York on the 9th day of December, 1889, after a trial at the New York Circuit, at which the complaint was dismissed upon the merits, with costs to the defendant.

The action was brought to recover the amount payable under a policy of insurance issued by the defendant upon the life of Joseph E. Miller, who was a resident of South Hadley, in the State of Massachusetts, where he died on the 13th day of September, 1886. On the 4th day of May, 1887, the plaintiff was appointed, by the Surrogate's Court of the county of New York, the administrator of all and singular the goods, chattels and credits which were of said Joseph E. Miller, and the plaintiff duly qualified and entered upon the discharge of his duties as such administrator.

*O. F. Hibbard,* for the appellant.

*Julien T. Davies,* for the respondent.

VAN BRUNT, P. J. :

In March, 1873, the defendant, at the city of New York, issued to one Joseph E. Miller a policy of insurance upon his life. In September, 1886, said Miller died in the State of Massachusetts, being at the time of his death a resident of the State of Maine, and was at the time of his death in possession of said policy. In November, 1886, one Chase was duly appointed the administrator of the estate of said Miller in the State of Maine, and duly received said policy and remained in possession thereof until the surrender as hereinafter mentioned, and served upon the defendant notice and due proof of the death of said Miller, and demanded payment of the amount of said policy, and in November, 1887, began an action against the defendant for the recovery of the amount due on said policy. That service in said action was made in the State of Maine upon an agent of the defendant appointed pursuant to the laws of said State. In May, 1887, the plaintiff was appointed in New York an administrator of the estate of said Miller, and in June, payment of the amount due on said policy was demanded by the plaintiff. In August this action was begun to recover said amount.

In October, 1887, a judgment was rendered in the Maine action and execution issued therein, and on the nineteenth of that month the Maine judgment was paid and satisfied and the policy surrendered by said Chase.

Upon the trial of this action the complaint was dismissed on the merits and judgment thereupon entered for the defendant, from which this appeal was taken. It is claimed by the plaintiff that the case of *Holyoke* v. *Mutual Insurance Company* (22 Hun, 75; affirmed, without opinion, 84 N. Y., 648) sustains his right of recovery in this action. An examination of that case, however, we think shows that it is, perhaps, a direct authority in support of the judgment herein.

In the case of *Holyoke* v. *Mutual Insurance Company,* one Perkins, a resident of Maine, had assigned a policy of insurance upon his life to one Holyoke, a resident of this State. Holyoke having died .letters testamentary were issued to the plaintiff, and subsequently

letters of administration, with the will annexed of the estate of Holyoke, were issued in Maine to one Bonney. The plaintiff received the assignment of the policy, but the policy itself was in Maine, and received by Bonney as such administrator; upon being paid the amount of the policy Bonney assigned the same to another person residing in Maine, and the action was brought by the plaintiff to recover the amount of the policy in the courts of this State, and the court held that because the policy was in Maine that it there formed part of the property of the testator and belonged to the administrator in Maine.

The policy in question never having been in this State, could not, under the principle of the foregoing case, form any part of the assets of the deceased to which the plaintiff acquired title. But it is urged that the debtor being here, and the administrator in Maine not being able to sue the debtor, that therefore the other principle announced in the case cited, that if a debtor pays to an administrator of his creditor appointed in the State where he resides he cannot be sued elsewhere, applies. An examination of the case shows that the ground upon which such a payment is protected is, because the debtor cannot be compelled to pay elsewhere; but the case also holds that such a payment will not be protected if there exists a written contract creating the indebtedness which is not held by the party claiming payment, but it is within another jurisdiction. If the plaintiff had possession of the policy in question, then his case would have been identical with that of *Holyoke* v. *Mutual Insurance Company*, but the want of such possession is fatal to his action.

The following cases, *New England Mutual Life Insurance Company* v. *Woodworth* (111 U. S., 138); *Holmes* v. *Remsen* (4 Johns. Ch., 460); *Embree* v. *Hanna* (5 Johns., 101) support the view taken. The plaintiff never having obtained the title to the policy in question or the right to the possession thereof, cannot maintain this action.

The judgment appealed from should be affirmed, with costs.

BRADY and DANIELS, JJ., concurred.

Judgment affirmed, with costs.