NEW YORK LIFE INS. CO. v. SMITH.

(Circuit Court of Appeals, Ninth Circuit. January 21, 1895.)

No. 169.

1. PARTIES—ACTION ON LIFE INSURANCE POLICY.
    In an action at law on a life insurance policy, by the administratrix of the insured, who has possession of the policy, a person who claims the policy under an alleged assignment by the insured, in his lifetime, is not an indispensable party.

2. EXECUTORS AND ADMINISTRATORS—RIGHTS OF REPRESENTATIVES APPOINTED IN DIFFERENT STATES.
    An administrator of the deceased holder of a life insurance policy, appointed in the state where the policy is, and having possession of the policy, is entitled to recover the amount due thereon, as against an administrator appointed in any other state, including that in which the decedent resided at the time of his death.

In Error to the Circuit Court of the United States for the Northern District of California.

This was an action by Eudora V. Smith, administratrix with the will annexed of William F. Smith, deceased, against the New York Life Insurance Company, on a policy of insurance.   The circuit court gave judgment for the plaintiff.   57 Fed. 133.   Defendant brings error.

This is an action at law brought by Mrs. Eudora V. Smith, as administratrix with the will annexed of the estate of Dr. William F. Smith, deceased, to recover of and from the New York Life Insurance Company the sum of $5,800, alleged to be due and payable on a life insurance policy which was issued and delivered to Dr. Smith on the 18th day of July, 1887. The record shows: That Dr. Smith died on April 7, 1891, at Chicago, Ill. That at the time of the issuance of the policy, and at the time of his death, he was a resident of the state of Illinois. That he left, surviving him, a widow, the defendant in error, a resident of San Francisco, Cal., and two sons,

Larz Anderson Smith, a minor, residing in San Francisco, and Paul Smith, of age, residing at Springfield, Ohio. That he had formerly resided in California. That, before leaving said state, financial and domestic difficulties had arisen between himself and wife. That, under the laws of California (section 137 of the Civil Code), she had brought an action and obtained a judgment against him in the superior court of the city and county of San Francisco for maintenance and support, upon which judgment there was due at the time of his death the sum of $10.000. That prior to his death the policy of insurance, together with the sum of $5,000, had been sent by him to San Francisco, in order to enable him to comply with the terms of a certain agreement which had been entered into by himself and wife, to the effect that the policy in question should be delivered to her in trust for their son Larz, and that the $5,000 should be paid to her upon her obtaining a divorce from him. That the policy was sent to his counsel, E. L. Campbell, and the money to his agent, Jeremiah Lynch. That no action for a divorce had ever been commenced. That, after his death, Mr. Campbell delivered the policy to Mr. Lynch, and it was thereafter, by an order of the superior court of the city and county of San Francisco, delivered to Mrs. Smith, as the special administratrix of her husband's estate. That on April 4, 1891, three days prior to his death, Dr. Smith, being then indebted to one Dr. J. B. Murphy in the sum of $3,400, made, executed, and delivered to said Murphy the following instrument, in writing:

"Chicago, April 4, 1891.

"For value received, I hereby sell, assign, and transfer to John B. Murphy all of the property, effects, choses in action, and things of value hereinafter mentioned, and all my right, title, and interest therein: A judgment note made by Morris J. Allberger for $8,700.00 or thereabouts; a policy in the N. Y. Mutual Life Insurance Company for $5,000.00 or thereabouts; accounts due me as shown by my books, and said books; my horse and buggy; all my stock bonds in all corporations and associations; all my library, books, instruments, office furniture, household furniture, and effects of every kind soever. And I hereby authorize said Murphy to take immediate possession thereof, or possession thereof at any time thereafter.

"Wm. F. Smith. [Seal.]"

—That this document was executed and delivered to, and was accepted by, J. B. Murphy, in payment of the indebtedness of Smith to him. That Murphy thereafter took possession of all the property therein described that was in the city of Chicago. That, after this instrument was executed, Dr. Smith made his will, wherein he bequeathed to John B. Murphy, to be first paid out of his estate, the sum of $3,400, to his son Larz Anderson Smith the sum of $50, to Eudora Bascom (the defendant in error), designated "as formerly my wife," $50; and, subject to these bequests, he devised and bequeathed all of his estate to Elizabeth C. Merrill. That the party named as executor of the will declined to act, and thereafter, upon proceedings regularly had in the proper court in Cook county, Ill., letters of administration upon said estate were issued to the Jennings Trust Company, a corporation duly organized and existing under and by virtue of the laws of the state of Illinois; and that said company, under its letters of administration, made a demand upon the insurance company for payment of the amount due on the policy, which was refused; and the trust company thereupon commenced an action to recover the said amount, which action is still pending and undetermined in the circuit court of Cook county, Ill. It is claimed that said action was brought and is being prosecuted for, on behalf of, and at the request of, J. B. Murphy. The policy in question has never been paid. Judgment was rendered in favor of Mrs. Smith.

Edward J. McCutcheon and Charles A. Shurtleff, for plaintiff in error.

Henry N. Clement, for defendant in error.

Before GILBERT, Circuit Judge, and HAWLEY and MORROW, District Judges.

HAWLEY, District Judge (after stating the facts). The position and contention of the plaintiff in error is somewhat novel and peculiar. It admits its liability on the policy, but denies the right of the defendant in error to recover, unless Dr. Murphy is made a party to the action, on the ground that, unless he is made a party, it is liable to be twice compelled to pay the policy. Instead of paying the money due on the policy into court, and having notices served on all parties claiming the money or any part thereof, and asking that such parties be compelled to appear and present their claims, so that the court may decide their respective rights, it assumes the position of a partisan as between the respective claimants; and in its answer, as a defense to this action, alleges, after stating the facts as to the assignment of the policy, "that the said John B. Murphy is the owner of said policy and is entitled to the money due thereon; * * * that the plaintiff is not the real party in interest in this action"; and prays for judgment for its costs.

It is earnestly argued by the plaintiff in error that J. B. Murphy is an indispensable party as a defendant, and that this action cannot be maintained without his being made a party, and that, in the event that he could not be brought within the jurisdiction of the court, the action should be dismissed. Ergo, if this position is sound, the same objection could be made to any action brought by Murphy, and the insurance company would go Scot-free, and obtain a judgment in both cases for its costs. Nevertheless, if the law casts upon the defendant in error the burden of procuring the presence of Murphy, it would be her misfortune if she has not or could not do so. We are of opinion that the law imposes upon her no such burden. For the sake of the argument, it may be admitted that, if this was a suit in equity to determine the rights of the respective claimants, it could not be maintained without bringing them all before the court. It may likewise be admitted that, if Dr. Murphy had made any application, he would have been granted the right to intervene and assert his rights, if any he had, to any portion of the money due upon the policy, and that in either of these events the respective rights of Mrs. Smith and of Dr. Murphy might have been heard, litigated, and determined herein.

This is not, however, a suit in equity. It is simply an action at law to recover the amount due on a policy of insurance. There is an essential difference between the practice at law and in equity in determining who are proper and necessary parties to the litigation. Mahr v. Society, 127 N. Y. 460, 462, 28 N. E. 391; 1 Pom. Eq. Jur. 114; Fost. Fed. Prac. § 4. Under the pleadings, the insurance company took upon itself the burden of proving that Dr. Murphy had the legal right to recover from it the amount of money due upon the policy, but the evidence fails to establish such right. It is not shown that the policy of insurance was ever delivered to him; that he ever made any demand for its delivery; that he ever made any demand upon the insurance company for the payment of the money due upon said policy; that he ever brought any suit to recover the money, or took any legal steps whatever to assert any

right to the policy or any part of the money due thereon. It af-firmatively appears that the time within which actions could be commenced against the insurance company, under the terms and conditions of the policy, has long since expired. The policy was an executory contract,—a chose in action,—available only as a legal contract to Dr. Smith and his personal representatives. The sale or assignment thereof, as made by Dr. Smith, did not vest any such interest therein in Murphy, either legal or equitable, as would authorize him to bring and maintain an action thereon against the insurance company. To constitute such an assignment, "two things must concur: First, the party holding the chose in action must, by some significant act, express his intention that the assignee shall have the debt or right in question, and, according to the nature and circumstances of the case, deliver to the assignee, or to some person for his use, the security, if there be one, bond, deed, note, or written agreement upon which the debt or chose in action arises; and, secondly, the transfer shall be of the whole and entire debt or obligation in which the chose in action consists, and, as far as practicable, place the assignee in the condition of the assignor, so as to enable the assignee to recover the full debt due, and to give a good and valid discharge to the party liable." Palmer v. Merrill, 6 Cush. 286. See, also, Holyoke v. Insurance Co., 22 Hun, 77; 2 May, Ins. § 389. Under the decisions of the supreme court in the state of Illinois, it is evident that Murphy could not bring an action there in his own name.

In Insurance Co. v. Ludwig, 103 Ill. 312, the court said:

"Policies of insurance are but choses in action, and governed by the same principles applicable to choses in action in general. They are assignable in equity only; and, in this state and in others where the strict rules of the common law prevail, courts of law will not recognize the assignment, so as to allow the assignee to sue on the policy in his own name. Insurance Co. v. Wetmore, 32 Ill. 221; Insurance Co. v. Hervey, 34 Ill. 62; Insurance Co. v. Robinson, 98 Ill. 324; Bliss, Ins. § 325; May, Ins. § 377; Jessel v. Insurance Co., 3 Hill, 88."

The policy is personal property, and was in the state of California. The issuance of letters of administration to Mrs. Smith in California was legal. She had the possession of the policy, and was entitled to recover the money due thereon. The law is well settled that the administratrix in California, as against the Jennings Trust Company or any other administrator in any other state, is entitled to recover the money from the insurance company. Insurance Co. v. Woodworth, 111 U. S. 138, 4 Sup. Ct. 364; Holyoke v. Insurance Co., supra; Morrisson v. Insurance Co., 57 Hun, 99, 10 N. Y. Supp. 445; Stevens v. Gaylord, 11 Mass. 262.

The views already expressed are deemed conclusive of this case, and render it unnecessary to review other assignments of error that appear in the record. Upon the facts, we are of opinion that the defendant in error is clearly entitled to the judgment which she obtained against the plaintiff in error. The judgment of the circuit court is affirmed, with costs.