## CLARK v. EQUITABLE LIFE ASSUR. SOC. OF UNITED STATES.

(Circuit Court, E. D. Pennsylvania. December 30, 1904.)

### No. 57.

1. INSURANCE—ASSIGNMENT—RIGHTS OF PLEDGOR.

An assignment of a life policy as collateral vests in the assignee a title sufficient to enable him to collect the proceeds thereof.

2. SAME.

An assignment of a life policy as collateral security does not divest the assignor of the general property therein, and hence a tender of the debt extinguishes the assignee's lien, and entitles the assignor to possession of the policy.

3. SAME—PAYMENT—LIABILITY OF INSURER.

Where an insurance company had knowledge that a pledgee of a policy, though having received an amount thereon exceeding the debt, improperly declared his intention to collect and appropriate the balance due on the policy, and the company, not disputing its liability, agreed to hold such balance until legally authorized to dispose thereof, the insured was entitled to maintain an action at law against the company therefor.

Albert B. Weimer, for plaintiff.

Thomas De Witt Cuyler and Burr, Brown & Lloyd, for defendant.

HOLLAND, District Judge. This is a demurrer to the statement of the plaintiff's claim, and the facts necessary to a correct understanding of the questions involved are to be taken as admitted. They are as follows:

The defendant, on October 20, 1883, issued a 20-payment life insurance policy upon the life of the plaintiff, payable, with accumulated dividends thereon, October 20, 1903, to Nina S. Clark, his wife. The plaintiff duly paid the premiums up until the 5th of September, 1893, upon which date the plaintiff and his wife made an assignment of this policy, absolute upon its face, with a collateral agreement, however, that it should be taken as collateral for a loan of $1,000, and all premiums that might in the future be paid by the assignee. This agreement was made in Philadelphia by the assignee's agent, and he executed the collateral document to the assignors of the policy, agreeing that it should be regarded as collateral; and the assignment must be so regarded for the purposes of this demurrer. The company had assented to this assignment, and the assignee paid all the subsequent premiums until the maturity of the policy on October 20, 1903. The defendant company, on April 16, 1903, paid to the assignee of the policy the sum

¶ 1. See Insurance, vol. 28, Cent. Dig. §§ 492, 1569.

of $9,744.44, which was the face value of the policy of $10,000, less the discount for the period between April 16 and October 20, 1903. There was, however, still due on the policy accumulated dividends amounting to $4,897.20. The plaintiff, some time before October 15, 1903, had interviewed the assignee, Richard Herzfeld, in New York, and ascertained from him the fact that he (Herzfeld) repudiated the claim of the plaintiff, that the assignment was made as collateral security, and informed him that he (Herzfeld) intended to claim the entire proceeds of the policy, together with accumulated interest. The plaintiff immediately, on the 15th day of October, 1903, notified the defendant company of the fact that the policy was assigned to Herzfeld as collateral security for the sum of $1,000, and inclosed a copy of the paper executed by the assignee's agent to establish that claim, showing that Herzfeld held the policy as collateral for the sum mentioned, with interest, and all premiums paid or to be paid by the assignee. The notice also stated that Herzfeld repudiated the true contract of assignment, and told plaintiff that "he would never get a dollar of it." The notice further set forth:

"I am entitled to the entire proceeds of the policy after deducting therefrom One Thousand Dollars ($1000) with interest and all premiums that have been paid since the date of the assignment and whatever other costs have accrued. * * * Please take this letter as notice not to pay over any money whatever on account of the policy to any one except me. Will this notice be sufficient to stop payment of the money, or will it be necessary for me to bring suit? The time is very short, and you will protect me and confer a favor on me by answering immediately by telegraph, at my expense, care of my attorney, Frederick M. Leonard, Esq., 119 South Fourth Street, Philadelphia."

In reply to this notice, the defendant company, on October 20, 1903, by letter, informed Frederick M. Leonard, Esq., that the plaintiff's notice of October 15th had been received in regard to the policy on his life, and that no further payments on account of this policy would be made until they were legally authorized to do so. At this time the defendant company had paid to Herzfeld more than he was entitled to receive under his agreement, which fact appeared from the notice served upon it by plaintiff.

The defendant demurs to this statement (1) as insufficient in law to maintain the plaintiff's action; (2) there are other persons who are necessary parties, and particularly Richard Herzfeld, the assignee; and (3) that the proper remedy of the plaintiff, if any, is by bill in equity against the defendant and assignee of the plaintiff.

Before the possessor of a residuary interest has a right to control or in any way interfere with the collection of an insurance policy assigned, with the assent of the company, for a bona fide loan, he must allege the insolvency of the assignee, or fraud committed or about to be committed by him, or some other substantial reason (Widaman v. Hubbard [C. C.] 88 Fed. 806), otherwise the assignee may enforce the collection of the security to the full amount, holding any surplus, after payment of the loan, advance premiums, and assessments, for the persons equitably entitled thereto (Widaman

v. Hubbard, supra; Warnock v. Davis, 104 U. S. 775, 26 N. E. 924; Burroughs v. Assurance Company, 97 Mass. 359).

An assignment of an insurance policy as collateral security vests in the assignee a title to enable him to collect the proceeds thereof, yet it does not divest the assignor of the general property in the policy, and, notwithstanding his assignment, the assignor has title to the property subject to the assignee's lien. New York life Ins. Co. v. Smith, 67 Fed. 694, 14 C. C. A. 635.

A tender of the debt extinguishes this lien on the collateral security, and entitles the pledgor to the possession of the collateral (Mitchell v. Roberts [C. C.] 17 Fed. 776); and where, as in this case, as the record stands on the facts admitted by the demurrer, the assignee has been paid more than the amount, for which he holds the policy as collateral, by the insurance company, and declares to the assignor his intention to collect and appropriate the amount yet due on the policy, contrary to his agreement to hold · the same as collateral, and the insurance company is informed of this fact and agrees to hold the balance due on the policy until legally authorized to dispose of the same, the insured has a right in an action at law against the insurance company, especially when the liability to pay on the policy is not disputed.

The demurrer is therefore overruled, and defendant allowed 15 days within which to file an affidavit of defense.